```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
DAVID B. PUSHKIN,                                                 :
                                                                  :
                                    Plaintiff,                    :
                                                                  :
              -against-                                           :
                                                                  :
BETH R. NUSSBAUM, et al.,                                         :
                                                                  :
                                    Defendants.                   :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/4/2011

10 Civ. 9212 (JGK) (DF)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE JOHN G. KOELTL, U.S.D.J.:**

Plaintiff David Pushkin ("Plaintiff"), proceeding *pro se*, moves for default judgment against defendants GEICO, Lisa Ardron, Gina Fuge, Dominic Spaventa, Paul Feldmann (collectively, the "GEICO Defendants") and Premier Prizm Solutions, LLC ("PPS") (Dkt. 149), presumably pursuant to Rule 55 of Federal Rules of Civil Procedure.[1] Rule 55 provides that the Clerk of the Court shall enter a default against a party who "has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Once the default has been entered, upon application of the party entitled to a judgment by default, the Court may enter a default judgment against the defaulting party. Fed. R. Civ. P. 55(b).

Plaintiff contends that all six of the defendants identified in his motion failed to answer his February 12, 2011 Amended Complaint ("Amended Complaint"), "within twenty-one (21) days (or within thirty (30) days if any service waiver involved." (Notice of Motion for Default Judgment, dated Aug. 12, 2011 (Dkt. 149), at 1.)[2] As the motion for a default was not initially

---

[1] In his briefing, Plaintiff does not invoke any specific rule from the Federal Rules of Civil Procedure as the basis for his motion for default judgment.

[2] The Federal Rules of Civil Procedure actually provide that "[a] defendant must serve an answer: (i) within 21 days after being served with the summons and complaint; or (ii) if it has

docketed by the Court's *Pro Se* Office (because Plaintiff had included exhibits on CD-ROM, which the Office was not, at that time, authorized to accept), the Clerk's Office apparently advised the defendants that opposition papers would also not be accepted for filing. (*See* Letter to the Court from Randall K. Roonan, Esq., dated Sept. 23, 2011 (Dkt. 155).) Nonetheless, the GEICO Defendants submitted an opposition affidavit to the Court, which has now been docketed (Dkt. 156), and PPS wrote to the Court to express its opposition, as well (*see* Letter to the Court from Fardene E. Blanchard, Esq., and Andres J. Karcich, Esq., dated Aug. 24, 2011 (Dkt. 154)).[3] Further, even apart from these submissions, the GEICO Defendants and PPS have, by their other filings, clearly demonstrated a desire to defend against the claims made by Plaintiff in this action.

On April 4, 2011, the Court accepted the Amended Complaint as the operative pleading in this case and directed all defendants to "move, answer, or otherwise respond to this Amended Complaint no later than April 29, 2011." (Dkt. 21.) Defendant PPS requested a 30-day extension of this deadline, which was granted on April 28, 2011 (Dkt. 27), and PPS then filed a timely motion to dismiss on May 27, 2011 (Dkt. 67). The GEICO Defendants filed a somewhat late response to the Amended Complaint, moving to dismiss on May 10, 2011 (Dkt. 36),[4] but, since then, they have met a subsequent briefing deadline (*see* Dkts. 64, 77) and have made

---

timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States." Fed. R. Civ. P. 12(a)(1)(A)(i), (ii).

[3] By submission dated October 19, 2011 (Dkt. 143), Plaintiff replied to these submissions.

[4] The Court's docket does not indicate that the GEICO Defendants requested or were granted an extension of the April 29, 2011 deadline for responding to the Amended Complaint.

several letter submissions to the Court with respect to this action. Moreover, both the GEICO Defendants and PPS appeared at case management conferences held by the Court on July 29, 2011 and November 1, 2011.

In light of these actions, it is evident that both the GEICO Defendants and PPS have evinced a desire and intent to defend this case. Indeed, PPS's response to the Amended Complaint was not even untimely, and the GEICO Defendants' response was barely so. Moreover, "defaults are generally disfavored and are reserved for rare occasions." *Enron Oil Corp. v. Diakura*, 10 F.3d 90, 96 (2d Cir. 1993). Instead, the Court maintains a strong preference for resolving disputes on the merits, rather than on the basis of procedural issues. *See id.* at 95-96. Accordingly, I recommend that Plaintiff's motion for a default judgment be denied, both as to the GEICO Defendants and PPS.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable John G. Koeltl, United States Courthouse, 500 Pearl Street, Room 1030, New York, New York, 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Koeltl. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Hermann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d

298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
         November 4, 2011

                                        SO ORDERED


                                        _____
                                        DEBRA FREEMAN
                                        United States Magistrate Judge


Copies to:

Dr. David B. Pushkin
300 State Highway Route 3 East
Suite 114
East Rutherford, NJ 07073

Randall K. Roonan, Esq.
Graham, Miller, Neandross, Mullin & Roonan, L.L.C.
One State Street Plaza
30th Floor
New York, NY 10004

Fardene E. Blanchard, Esq.
Lynch, Karcich & Yellin, LLP
1020 Laurel Oak Road
Voorhees, NJ 08043