Alexis L. Cirel (AC-9067)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 894-5739
alexis.cirel@kattenlaw.com

KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

Attorneys for Defendants
Meritain Health, Inc. and Timothy J. Quinlivan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

DR. DAVID B. PUSHKIN,                                         :
                                                             :
                              Plaintiff,                      :   CIVIL ACTION NO.: 10 Civ. 9212 (JGK)
                                                             :
            -against-                                         :
                                                             :
Beth R. Nussbaum, RHI Entertainment, Inc.,                    :
Timothy J. Quinlivan, Meritain Health, Inc.,                  :
Kevin L. Bremer, Esq., Aronsohn Weiner and                    :
Salerno, L.L.C., Geico, Premier Prizm                         :
Solutions, Lisa Ardron, Gina Fuge, Dominic                    :
Spaventa, Paul Feldman,                                       :
                                                             :
                              Defendants.                     :
-------------------------------------------------------------- x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MERITAIN HEALTH, INC.'S AND TIMOTHY J. QUINLIVAN'S MOTION TO DISMISS

RECEIVED
APR 27 2011
U.S.D.C. S.D. N.Y.
CASHIERS

OFFICE COPY

1

## TABLE OF CONTENTS

Page(s)

Table of Authorities ........................................................................................................... ii

I.     INTRODUCTION ..................................................................................................... 1

II.    ALLEGATIONS IN THE COMPLAINT ................................................................. 1

III.   APPLICABLE LAW ................................................................................................ 2

IV.    THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT BECAUSE
       THE COMPLAINT'S LEGAL CONCLUSIONS ARE VAGUE AND THE
       FACTUAL ALELGATIONS DO NOT PLAUSIBLY SUPPORT ANY
       CLAIM PLAINTIFF ATTEMPTS TO RAISE ......................................................... 2

       A.    Plaintiff Fails To Establish Notice Of The Nature Of The Claim By
             Alleging Vague And Conclusory Legal Allegations. ................................... 2

       B.    The Factual Allegations In Plaintiff's Complaint Do Not Support A
             Plausible Cause Of Action Because The Complaint Does Not Allege
             That Defendants Committed Any Wrongful Conduct. ................................. 4

V.     QUINLIVAN HAS NO PERSONAL LIABILITY BECAUSE PLAINTIFF
       FAILS TO ALLEGE SEPARATE TORTIOUS CONDUCT .................................... 5

VI.    LEAVE TO AMEND PLAINTIFF'S COMPLAINT SHOULD BE DENIED
       BECAUSE IT IS INCURABLE .............................................................................. 6

VII.   CONCLUSION ........................................................................................................ 6

## TABLE OF AUTHORITIES

FEDERAL CASES

*Anderson v. U.S. Dept. of Housing & Urban Develop.*,
 554 F.3d 525 (5th Cir. 2008) ..................................................................................2

*Ashcroft v. Iqbal*,
 556 U.S. --, 129 S. Ct. 1937 (2009) ......................................................................2, 4

*Bell Atlantic v. Twombly*,
 550 U.S. 544 (2007).................................................................................................2

*Braden v. Wal-Mart Stores, Inc.*,
 588 F.3d 585 (8th Cir. 2009) ..................................................................................4

*Erickson v. Pardus*,
 551 U.S. 89 (2007)..................................................................................................2

*Gillibeau v. City of Richmond*,
 417 F.2d 426 (9th Cir. 1969) ..................................................................................3

*In re Amaranth Natural Gas Commodities Litigation*,
 587 F.Supp.2d 513 (S.D.N.Y. 2008).......................................................................4

*Lucien v. Prenier*,
 967 F.2d 1166 (7th Cir. 1992) ................................................................................3

*Nagler v. Admiral Corporation*,
 248 F.2d 319 (2nd Cir. 1957)..................................................................................2

*Ross v. Mitsui Fudosan, Inc.*,
 2 F.Supp.2d 522 (S.D.N.Y. 1998) ..........................................................................3

*Salahuddin v. Cuomo*,
 861 F.2d 40 (2nd Cir. 1988)....................................................................................2

*Spagnola v. Chubb Corp.*,
 574 F.3d 64 (2nd Cir. 2009)....................................................................................2

STATE CASES

*Connell v. Hayden*,
 443 N.Y.S.2d 383 (1981).........................................................................................6

*Felder v. R and K Realty*,
 744 N.Y.S.2d 213 (2002) ........................................................................................5

*Stern v. DiMarzo, Inc.*,
    909 N.Y.S.2d 480 (2010)...................................................................................................5

**RULES**

FRCP 9(b) ..........................................................................................................................4-5

## I.  INTRODUCTION

In his First Amended Complaint (hereinafter the "Complaint"), Plaintiff Dr. David Pushkin ("Plaintiff"), the spouse of a member of a self-funded employee benefit plan, seeks to hold the Third Party Administrator ("TPA") of that plan, defendant Meritain Health, Inc. ("Meritain"), and one of its employees, defendant Timothy J. Quinlivan ("Quinlivan") (collectively, "Defendants"), liable for what Plaintiff alleges are a series of misfortunes which have nothing to do with the TPA or its employee.  As set forth in more detail below, Dr. Pushkin apparently suffered through a car accident and a bad divorce.  While his story is sad, it does not, and cannot, impose any liability on either Meritain or Quinlivan, a former in-house staff attorney at Meritain.  Accordingly, Defendants seek by this motion to have the case dismissed.

## II.  ALLEGATIONS IN THE COMPLAINT

Plaintiff was married to defendant Beth Nussbaum ("Nussbaum"), an employee of defendant RHI Entertainment, Inc. ("RHI").  (Comp., ¶ 3).  Nussbaum was a member of the RHI employee benefit plan ("RHI Plan") and Plaintiff received benefits under the Plan as her spouse. (Comp., ¶ 3).  Meritain was the TPA for the plan.  (Comp., Document 13-3, pg. 6-7).  Quinlivan is an attorney who was employed by Meritain at all relevant times.  (Comp., ¶ 26).  In addition to the RHI Plan, Plaintiff was insured under his employer's plan.  (Comp., ¶ 3).

In November 2008, Nussbaum ceased her employment with RHI and remained a member of the RHI Plan by making COBRA payments on behalf of both herself and Plaintiff.  (Comp., ¶ 3).  Plaintiff was terminated from his part-time teaching job and filed for unemployment in December, 2008.  (Comp., ¶ 15, Document 13-2, pg. 1).

Plaintiff had spinal surgery in March 2007.  (Comp., ¶ 1).  Several months later, on January 28, 2008, Plaintiff alleges he was in a car accident in which he suffered a spinal injury. (Comp., ¶ 15).  Plaintiff maintained auto insurance with GEICO, which included health care coverage.  (Comp., ¶ 28).

Nussbaum (and therefore Plaintiff) ceased making COBRA payments on September 21, 2009. (Comp., ¶ 3).  Meritain, as TPA, processed claims through and including September 21,

1

2009 while COBRA was in effect, but processed denials pursuant to the terms of the RHI Plan which arose after September 21, 2009.  (Comp., ¶¶ 26-27).

Plaintiff now alleges that Defendants wrongfully denied COBRA benefits and violated federal law when it stopped processing claims after that date.  (Comp., ¶ 25).

## III.   APPLICABLE LAW

To avoid a motion to dismiss, a plaintiff's complaint should provide both fair notice of the nature of the claim and plausible factual allegations to support the claim.  *See Ashcroft v. Iqbal*, 556 U.S. --, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Spagnola v. Chubb Corp.*, 574 F.3d 64, 68 (2nd Cir. 2009).   While the Court must accept as true all factual allegations in the complaint, it "is not required to accept legal conclusions cast in the form of factual allegations." *Twombly*, 550 U.S. at 545.  Moreover, "[f]actual allegations must be specific enough to raise a right to relief above the speculative level." *Id.* at 555.

## IV.   THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT BECAUSE THE COMPLAINT'S LEGAL CONCLUSIONS ARE VAGUE AND THE FACTUAL ALELGATIONS DO NOT PLAUSIBLY SUPPORT ANY CLAIM PLAINTIFF ATTEMPTS TO RAISE

### A.   Plaintiff Fails To Establish Notice Of The Nature Of The Claim By Alleging Vague And Conclusory Legal Allegations.

To provide proper notice to avoid a motion to dismiss, a complaint cannot be "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988) (citing *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969); *Ross v. Mitsui Fudosan, Inc.*, 2 F.Supp.2d 522, 528 (S.D.N.Y. 1998)).  A complaint must also do more than name what laws may have been violated by the defendant; it must assert what conduct violated the statute.  *Anderson v. U.S. Dept. of Housing & Urban Develop.*, 554 F.3d 525, 528 (5th Cir. 2008); *see also Nagler v. Admiral Corporation*, 248 F.2d 319, 324 (2nd Cir. 1957) (requiring "the pleader to disclose adequate information as the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it").  For instance, in *Anderson*, the plaintiff claimed that the

2

defendant violated a disaster assistance voucher program but dismissed the claim because the complaint did not allege what conduct of the defendant violated the program.

Here, on the other hand, Plaintiff's complaint does not even name a violated statute or cause of action, much less allege what conduct of the Defendants was responsible for the violations. For instance, Plaintiff alleges that the termination of his COBRA benefits "violated federal law." (Comp., ¶ 25). Noticeably missing from this allegation is which federal law the alleged termination violated.

Similarly, Plaintiff alleges "[RHI] provided [Meritain] with aforementioned misinformation, and [Meritain] ceased payment of Plaintiff's medical claims after July 1, 2009, claiming health plan was not legally obligated to pay." (Comp., ¶ 26). Presumably, Plaintiff's "aforementioned misinformation" allegation is based on Plaintiff's theory that his ex-wife and her divorce attorney conspired to derail Plaintiff's medical coverage by "advis(ing) the Human Resources Office of [RHI] that the Plaintiff had other active insurance coverage." (Comp., ¶ 26). However, the Complaint does not allege that any cause of action arises from this alleged "misinformation."

Courts have held that a complaint should be dismissed if it alleges that the defendant lied without specifying what the lies were. *Lucien v. Prenier*, 967 F.2d 1166, 1168 (7th Cir. 1992). Yet here, the Complaint does not even allege that Defendants lied, much less assert what the lies were. Instead, it only states that Defendants received alleged lies. (Comp., ¶ 26). Thus, the Complaint alleges two vague, legal conclusions, that Defendants "violated federal law" and received "misinformation" without giving fair notice to the nature of the claims. Under *Iqbal* and *Twombly*, the Court should not assume the truth of these conclusions, and the Complaint should be dismissed due to its vague, conclusory allegations as in *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969), and *Ross v. Mitsui Fudosan, Inc.*, 2 F.Supp.2d 522, 528 (S.D.N.Y. 1998).

Moreover, to the extent that the claim against Meritain for receipt of misinformation is based on a theory of fraud, the claim also fails because it was not plead with the requisite particularity. Under the Federal Rules of Civil Procedure ("FRCP") 9(b), "the circumstances

constituting fraud . . . [must] be stated with particularity." *In re Amaranth Natural Gas Commodities Litigation,* 587 F.Supp.2d 513, 528 (S.D.N.Y. 2008). To comply with FRCP 9(b), the complaint must "plead with particularity the nature, purpose, and effect of the fraudulent conduct and the roles of the defendants." *Id.* at 528-29.

The only specificity in this claim by Plaintiff is that RHI provided Defendants with information that RHI had purportedly received from Plaintiff's ex-wife. (Comp., ¶ 26). However, the allegation fails to plead a material misstatement, justifiable reliance, and damages. Consequently, if this claim is based on fraud, it fails for the additional reason that it was not plead with the requisite particularity.

**B.     The Factual Allegations In Plaintiff's Complaint Do Not Support A Plausible Cause Of Action Because The Complaint Does Not Allege That Defendants Committed Any Wrongful Conduct.**

In addition to distinguishing the legal conclusions from the factual assertions, the Court must use its "judicial experience and common sense" to determine whether the factual allegations, if assumed to be true, allege a plausible claim. *Iqbal,* 556 U.S. at --, 129 S.Ct. at 1951. More particularly, the pleaded facts must allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. To meet this standard, the inferences supporting the claim must be more plausible than the inferences that no wrongful conduct occurred. *Id.* at 1951.

Moreover, if an obvious alternative explanation for the defendant's conduct exists, the plaintiff must plead facts that tend to rule out the alternative explanation. *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 597 (8th Cir. 2009) ("An inference pressed by the plaintiff is not plausible if the facts he points to are precisely the result one would expect from lawful conduct in which the defendant is known to have engaged."); *see also Iqbal,* 129 S.Ct. at 1951 (stating that an "obvious alternative explanation" to arrests of Arab Muslims in post September 11 investigations negated the plausibility of a conclusion that the arrests were discriminatory based).

None of Plaintiff's factual allegations support inferences of plausible wrongful conduct. Plaintiff's assertion that Defendants received misinformation, alone, does not create a cause of

action. Moreover, if intended to support a claim for fraud, more facts must be plead for the court to infer wrongful conduct under FRCP 9(b).

Likewise, the Complaint's other assertions fail to create plausible claims for similar reasons. Plaintiff claims that losing COBRA benefits "violates federal law," but the Complaint also states that Plaintiff's wife, not either of the Defendants, "unilaterally declined all COBRA benefits." (Comp., ¶¶ 3, 25). Thus, the Complaint omits Defendants' wrongful conduct with regard to this claim.

Moreover, Meritain was a TPA for the RHI Plan. (Comp., Document 13-3, pg. 6). As such, Meritain only administers health care claims – it does not provide health care coverage. *Id.* As a third party claims administrator, Meritain is not required to offer COBRA benefits to former insurance coverage members, only to administer the RHI plan pursuant to its terms. Meritain could not offer or deny benefits and therefore could not violate some undisclosed federal law by allegedly denying them.

In fact, the only plausible conclusion from these allegations is that Meritain acted lawfully by "pending" coverage of claims between July 1, 2009 and September 21, 2009 because of Plaintiff's own admission that the "cause of the injury was still being debated." (Comp., Document 13-1, pg. 29). Once the claims process was completed, all of those claims were paid in full by the RHI Plan. (Comp., Document 13-3, pg. 3, 6-8). Defendants therefore respectfully submit that the Complaint should be dismissed in its entirety.

## V. QUINLIVAN HAS NO PERSONAL LIABILITY BECAUSE PLAINTIFF FAILS TO ALLEGE SEPARATE TORTIOUS CONDUCT

"[W]hen an officer or director acts on behalf of his [or her] corporation, he [or she] may not be held liable for inducing [the] corporation to violate its contractual obligations unless his [or her] activity involves separate tortious conduct or results in personal profit." *Stern v. DiMarzo, Inc.*, 909 N.Y.S.2d 480, 481 (2010) (citing *Di Nardo v. L & W Indus. Park of Buffalo*, 425 N.Y.S.2d 704 (1980)). Similarly, "a corporate officer is not held liable for the negligence of the corporation merely because of his official relationship to it." *Felder v. R and K Realty*, 744 N.Y.S.2d 213, 214 (2002) (citing *Clark v. Pine Hill Homes*, 492 N.Y.S.2d 253 (1985)). A

corporate officer is only liable for the "torts in which he participated in or in which he authorized or directed." *Connell v. Hayden*, 443 N.Y.S.2d 383, 402 (1981) (citing *Haefeli v. Woodrich Engineering Co.*, 255 N.Y. 442, 451 (1931)).

Plaintiff has not alleged any separate tortious conduct committed by Quinlivan, nor asserted that Quinlivan acted for personal profit. Rather, the only grounds for Quinlivan's liability asserted in the complaint is his relationship to Meritain as an employee. Having not alleged any other ground, the allegations against Quinlivan should be dismissed without leave to amend.

## VI. LEAVE TO AMEND PLAINTIFF'S COMPLAINT SHOULD BE DENIED BECAUSE IT IS INCURABLE

This is Plaintiff's second attempt at stating a viable cause of action. The defects cannot be cured, and Defendants therefore submit that Plaintiff should not be provided with a third chance to fabricate a claim against an innocent TPA and its former employee.

## VII. CONCLUSION

For the foregoing reasons, defendants Meritain and Quinlivan respectfully request that the Court grant this motion in its entirety and dismiss the Complaint.

Respectfully submitted,

Dated: April 26, 2011       **KATTEN MUCHIN ROSENMAN LLP**

By _____

Alexis L. Cirel (AC 9067)
575 Madison Avenue
New York, New York 10022
(212) 940-8800

*Attorneys for Defendants Meritain Health, Inc.
and Timothy J. Quinlivan*

6

| STATE OF NEW YORK | ) | | |
|---|---|---|---|
| | : | ss.: | **AFFIDAVIT OF SERVICE** |
| COUNTY OF NEW YORK | ) | | **VIA FEDERAL EXPRESS** |

Darien Pereyra, being duly sworn, deposes and says:

1.     I am not a party to this action, am over 18 years of age, and am employed with the firm of Katten Muchin Rosenman LLP.

2.     On the 26th day of April, 2011, I served the annexed **NOTICE OF MOTION; MEMORANDUM OF LAW IN SUPPORT; and RULE 7.1 STATEMENT** in this action, upon the following at the addresses indicated by depositing true copies thereof, enclosed in properly addressed prepaid wrappers, marked Federal Express Overnight Delivery, in an official Federal Express depository:

Dr. David B. Pushkin
300 State Highway Route 3 East, Suite 114
East Rutherford, NJ 07073
*Plaintiff*

Sherri Lee Eisenpress, Esq.
Reiss, Eisenpress and Sheppe LLP
425 Madison Avenue
New York, NY 10017
*Attorneys for Defendant RHI Entertainment, Inc.*

Darien Pereyra

Sworn to before me this
27th day of April, 2011

Notary Public

STEVEN GREER
Notary Public, State of New York
No. 01GR6033269
Qualified in New York County
Commission Expires November 15, 2013

31021401.01
NYC01_81950450_1 4/20/2011