Alexis L. Cirel (AC-9067)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022-2585
alexis.cirel@kattenlaw.com
212-940-8800

KATTEN MUCHIN ROSENMAN LLP
2020 Century Park East, Suite 2600
Los Angeles, California 90067-3012

Attorneys for Defendants
Meritain Health, Inc. and Timothy J. Quinlivan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DR. DAVID B. PUSHKIN,

    Plaintiff,

 -against-

Beth R. Nussbaum, RHI Entertainment, Inc.,
Timothy J. Quinlivan, Meritain Health, Inc.,
Kevin L. Bremer, Esq., Aronsohn Weiner and
Salerno, L.L.C., Geico, Premier Prizm
Solutions, Lisa Ardron, Gina Fuge, Dominic
Spaventa, Paul Feldman,

    Defendants.

-----------------------------------------------------------X

Civil Action No.: 10 Civ. 9212 (JGK)



## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS MERITAIN HEALTH, INC.'S AND TIMOTHY J. QUINLIVAN'S MOTION TO DISMISS

LA2128186.3
666666-66666

Defendants Meritain Health, Inc. and Timothy J. Quinlivan (collectively, "Defendants") respectfully submit this reply memorandum of law in further support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss, with prejudice, the Amended Complaint filed by plaintiff David B. Pushkin ("Plaintiff") in this action.

## PRELIMINARY STATEMENT

As established in Defendants' moving papers, the Amended Complaint must be dismissed because Plaintiff has failed to state a valid cause of action against Defendants. In his Opposition,[1] instead of responding to the legal argument contained in Defendants' moving papers, Plaintiff attempts to supplement the allegations of his defective Amended Complaint. Because there is no substantive opposition to the Motion to Dismiss, Defendants respectfully submit that it should be granted. Further, to the extent the submission of evidence by Plaintiff constitutes an improper preview of the next iteration of the Complaint, it is clear that he cannot effectively plead any valid cause of action against Defendants, even if given another chance to amend. The Amended Complaint should therefore be dismissed with prejudice.

---

[1] Plaintiff's opposition addresses both Defendants' motion to dismiss as well as the Answer and Cross Claims filed by defendant RHI Entertainment, Inc. (*see* Opp. at 1). This reply addresses only Defendants' Motion to Dismiss.

## ARGUMENT

I. **THE COURT SHOULD DISREGARD AS IMPROPER THE ADDITIONAL ALLEGATIONS AND SUPPLEMENTAL EVIDENCE SUBMITTED WITH PLAINTIFF'S PURPORTED OPPOSITION.**

In deciding whether to dismiss, the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice. *See Paulemon v. Tobin*, 30 F.3d 307, 308-09 (2d Cir. 1994) (court is limited to consideration of factual allegations in the complaint); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) (the court may only consider additional material if the motion is treated as a Rule 56 motion for summary judgment); *In re Colonial Ltd. Partnership Litig.*, 854 F. Supp. 64, 79 (D. Conn. 1994) ("Allegations made outside of the complaint are not properly before the court on a motion to dismiss").

Plaintiff's Opposition contains a litany of new facts and attaches eight additional exhibits purportedly supplementing the existing allegations contained in, and the voluminous exhibits attached to, the Amended Complaint. *See* Opp. Exs. A-H. However, in deciding Defendants' motion to dismiss, the Court may not consider these additional allegations and exhibits, as they are outside the four corners of the pleadings and are therefore not properly before the Court at this time. *See In re Colonial Partnership Litig.*, 854 F. Supp at 79. Moreover, the

additional exhibits are not integral to the Complaint, nor is it clear that they are authentic or accurate such that the Court might consider them without converting the motion to one for summary judgment. *Cf., Faulkner v. Beer*, 463 F.3d 130, 133-35 (2d Cir. 2006) (court considered other materials only where they were "integral" to the complaint and there was no dispute as to authenticity or accuracy). Defendants' motion should therefore be granted in its entirety.

## II.   AS SET FORTH IN THE MOVING PAPERS, PLAINTIFF'S AMENDED COMPLAINT FAILS TO SUFFICIENTLY ALLEGE A SINGLE CAUSE OF ACTION AGAINST DEFENDANTS.

Setting aside the new factual allegations and additional documents attached to Plaintiff's Opposition, Defendants urge the Court to dismiss the Amended Complaint as to both Defendants. It is entirely unclear which claims are intended to be alleged against which Defendants, and Plaintiff has failed to allege the requisite elements of any statutory or common law cause of action as against Defendants, including what, if any, conduct by Defendants violated any statute or injured Plaintiff in any compensable manner. Plaintiff is required to allege more than mere entitlement to relief – he must "disclose adequate information" as the basis of his claims. *Nagler v. Admiral Corp.*, 248 F.2d 319, 324 (2d Cir. 1957).

In his Opposition, Plaintiff makes no effort to address the dispositive legal authorities cited by Defendants.  Specifically, Plaintiff fails to refute Defendants' argument that his allegations are vague and conclusory such that the

3

nature of the claims against Defendants cannot be established (Motion at 2-3), and ignores completely Defendants' argument that Plaintiff has not alleged any wrongful conduct on the part of these Defendants (Motion at 4-5). Thus, the Amended Complaint should be dismissed with prejudice.

## III. PLAINTIFF SHOULD BE DENIED LEAVE TO FILE A SECOND AMENDED COMPLAINT AGAINST DEFENDANTS.

The decision whether to grant leave to amend is left to the sound discretion of the district court, and where a plaintiff cannot adequately allege facts to establish a valid cause of action against a defendant, leave to amend should be denied. *See San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 815 (2d Cir. 1996) (affirming district court's dismissal without leave to amend where plaintiffs argued they were prepared to provide additional information concerning defendants' role in the alleged wrongful conduct, but the district court concluded that such additional information could not cure the deficiencies in Plaintiff's pleading); *Acito v. IMCERA Group*, 47 F.3d 47, 55 (2d Cir. 1995) ("One good reason to deny leave to amend is when such leave would be futile.").

Plaintiff contends this complaint is his "third chance" to adequately plead his case (Opp. at 6), and has attempted to put his best foot forward in

4

alleging supplemental facts in that document. The additional allegations and exhibits[2] constitute a "roadmap" of sorts of what the next version of Plaintiff's complaint will look like. The next iteration of the complaint also fails to state a claim against Defendants.

This is particularly true as to defendant Quinlivan, Meritain's former employee. Plaintiff has merely alleged his former employment with Meritain in the Amended Complaint, and attempts to supplement those facts in the Opposition by including wild speculation regarding "the circumstances as to why Quinlivan is no longer employed by Meritain." (Opp. at 6.) No valid cause of action can be, or will be, alleged against Quinlivan. The Amended Complaint should be dismissed with prejudice as to both Defendants.

---

[2] By discussing the exhibits attached to the Opposition, Defendants do not concede their propriety. Indeed, they have been submitted improperly because of the nature of the relief sought in the moving papers. Moreover, even assuming Plaintiff had the right to offer new evidence, the exhibits submitted are inadmissible as evidence because, among other reasons, they lack foundation, are hearsay and irrelevant, and are therefore objected to on those grounds. To the extent this Court seeks to consider those exhibits and additional allegations contained in the Opposition, Defendants also seek to strike them as being improper and irrelevant.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss in all respects.

Dated: May 16, 2011

                                                    KATTEN MUCHIN ROSENMAN LLP

                                                    By: _____
                                                        Alexis L. Cirel (AC-9067)
                                                        575 Madison Avenue
                                                        New York, New York 10022-2585
                                                        212-940-8800
                                                        alexis.cirel@kattenlaw.com

                                                        Attorneys for Defendants Meritain Health, Inc.
                                                       and Timothy J. Quinlivan

LA2128186.3
666666-66666

STATE OF NEW YORK        )
                                              : ss.:   **AFFIDAVIT OF SERVICE**
COUNTY OF NEW YORK   )                **VIA FEDERAL EXPRESS**

Julian Santos, being duly sworn, deposes and says:

1. I am not a party to this action, am over 18 years of age, and am employed by the firm of Katten Muchin Rosenman LLP.

2. On the 16th day of May, 2011, I served the annexed **REPLY MEMORANDUM OF LAW** in this action, upon the following at the addresses indicated by depositing a true copy thereof, enclosed in properly addressed prepaid wrappers, marked Federal Express Overnight Delivery, in an official Federal Express depository:

Dr. David B. Pushkin
300 State Highway Route 3 East, Suite 114
East Rutherford, NJ 07073
*Plaintiff*

Sherri Lee Eisenpress, Esq.
Reiss, Eisenpress and Sheppe LLP
425 Madison Avenue
New York, NY 10017
*Attorneys for Defendant RHI Entertainment, Inc.*

_____
Julian Santos

Sworn to before me this
16th day of May, 2011

_____
Notary Public

**STEVEN GREER**
Notary Public, State of New York
No. 01GR6033269
Qualified in New York County
Commission Expires November 15, 2013

31021401.01
NYC01_81950450_1 4/27/2011