NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| DR. DAVID B. PUSHKIN, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 12-cv-00324 (DMC) (JAD) |
| | : | |
| BETH R. NUSSBAUM, RHI ENTERTAINMENT, INC., TIMOTHY J. QUINLIVAN, MERITAIN HEALTH, INC., KEVIN L. BREMER, ESQ., ARONSOHN WEINER AND SALERNO, L.L.C., GEICO, PREMIER PRIZM SOLUTIONS, LISA ARDRON, GINA FUGE, DOMINIC SPAVENTA, PAUL FELDMAN, | : : : : : : : : : | |
| Defendants. | : | |
| | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon the filing of six motions to dismiss the First Amended Complaint of Dr. David M. Pushkin ("Plaintiff") filed by Defendants Meritain Health, Inc. and Timothy J. Quinlivan (hereinafter "Meritain Health" and "Quinlivan" respectively) (Aug. 30, 2012, ECF No. 208); Premier Prizm Solutions, LLC (hereinafter "PPS") (Aug. 30, 2012, ECF No. 209); RHI Entertainment, Inc. (hereinafter "RHI") (Aug. 31, 2012, ECF No. 210); Beth Nussbaum (hereinafter "Nussbaum") (Aug. 31, 2012, ECF No. 211); Defendants GEICO, Lisa Ardron, Gina Fuge, Dominic Spaventa, and Paul Feldmann (hereinafter "GEICO Defendants") (Sept. 4, 2012, ECF No. 212); Aronsohn Weiner & Salerno, P.C. and Kevin L. Bremer, Esq.

1

(hereinafter "AWS" and "Bremer") (Sept. 5, 2012, ECF No. 213) (hereinafter collectively referred to as "Moving Defendants"). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. The Court has reviewed and considered the submissions of the parties. Because this Court finds that Plaintiff failed to plead the Amended Complaint with the requisite specificity, the Moving Defendants' motions to dismiss (ECF Nos. 208, 209, 210, 211, 212, 213) are **granted.** The Amended Complaint is dismissed without prejudice, and Plaintiff is granted leave to file a second amended complaint within thirty days.

## I.   BACKGROUND[1]

On or about November 30, 2010, Plaintiff filed an initial action against Defendants Nussbaum, RHI, Quinlivan, Meritain Health, Bremer, and AWS seeking to recover for damages alleged to have stemmed from a denial of medical coverage and benefits Plaintiff believes he was entitled to. On February 17, 2011, Plaintiff filed an Amended Complaint naming additional Defendants, including the GEICO Defendants and PPS.

Plaintiff married Nussbaum on December 28, 2008. Nussbaum was an employee of RHI and was covered under the RHI employee benefit health plan ("RHI Plan"). Plaintiff received benefits under the RHI Plan, as Nussbaum's spouse from January 1, 2004 to November 22, 2006. Meritain Health was the Third Party Administrator ("TPA") of the RHI Plan. Quinlivan was an attorney employed by Meritain Health during the relevant time period.

Plaintiff carried group insurance coverage through his own employer from January 1, 2004 to November 22, 2006, using it as secondary coverage. Plaintiff resigned from his employment as a chemistry and physics educator on November 22, 2006 and filed for disability status. On November 22, 2006, Plaintiff declined secondary COBRA from his employer, as he asserts the

---
1 The facts contained herein have been adopted from the Parties' respective moving papers.

2

RHI plan was of superior quality. Plaintiff had spinal surgery in March 2007. Several months later, on or around January 28, 2008, Plaintiff alleges he was in a car accident, from which he suffered a spinal injury.

In November 2008, Nussbaum's employment with RHI was terminated. Plaintiff asserts that Nussbaum continued the couple's health insurance coverage by paying for the COBRA premiums from November 22, 2008 through September 21, 2009. During the aforementioned time period, Plaintiff and Nussbaum had access to health care coverage under the RHI Plan. Plaintiff asserts, on September 21, 2009, Nussbaum "unilaterally declined all COBRA benefits at employee expense." Meritain Health, as the TPA, processed claims through and including September 21, 2009.

Plaintiff asserts that, in accordance with the 2009 Federal Stimulus and 2010 Recovery Act's COBRA Health Insurance Continuation Premium Subsidy, in the event of a divorce involving unemployed spouses, each spouse is entitled to their own separate COBRA policy for the remainder of the COBRA Period. Plaintiff argues Nussbaum, Meritain Health, RHI, Bremer, and AWS did not present Plaintiff with an application for his own COBRA policy after Plaintiff and Nussbaum divorced in December 2009. Since Plaintiff was already on COBRA status effective November 21, 2008, Plaintiff argues all Defendants were obligated to provide Plaintiff his own separate insurance policy with RHI and Meritain.

Plaintiff also maintained auto insurance coverage with GEICO, which included some health care coverage. PPS is a TPA of Personal Injury Protection Benefits (hereinafter "PIP") for GEICO, providing GEICO with medical cost containment services related to GEICO's PIP claims. Plaintiff alleges that PPS denied payment of various benefit claims to Plaintiff's pain management

provider and other health care service providers. Plaintiff also seeks to hold four of GIECO's employees during the relevant time period, Lisa Ardron, Gina Fuge, Dominic Spaventa, and Paul Feldman, responsible for the denial of claims. Plaintiff further asserts that because of PPS's "repeated and pre-emptive termination of benefits and denial of provider claims," he "has gone without several medical procedures and other means of healthcare." These denials contributed to Plaintiff's "declining health and isolated and unsafe living situation."

The Amended Complaint also includes allegations concerning Nussbaum's treatment of Plaintiff during the course of his illnesses and following his injuries, as well as her conduct during the couple's divorce proceedings. Plaintiff asserts Nussbaum refused to modify the couple's residence to assist with his medical needs following Plaintiff's surgery and that Nussbaum doubted Plaintiff's eligibility for disability services. Thereafter, Plaintiff asserts Nussbaum hired AWS and Bremer to assist in divorce proceedings she initiated against Plaintiff. Plaintiff alleges, that with the assistance of AWS and Bremer, Nussbaum barred Plaintiff from his residence "without any legal order and denied access to personal property, including any items Plaintiff uses for ambulation and assistance relative to his physical condition." Plaintiff further alleges that AWS and Bremer submitted a "take it or leave it" divorce settlement to Plaintiff. According to Plaintiff, AWS and Bremer communicated with the human resource department of RHI, seeking to terminate Plaintiff's health care insurance coverage and failed to offer him a COBRA application.

## II. LEGAL STANDARD

### A. FED. R. CIV. P. 12(b)(6)

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most

favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, Civ. No. 07-03129, 2009 WL 3806296, at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). The complaint must

show an entitlement to relief with its facts. Steedley v. McBride, 446 Fed.Appx. 424, 425 (3d Cir. 2011) (citing Fowler v. UPMC Shadyside, 578 F.3d 203, 2011 (3d Cir. 2009)). "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations omitted) (internal quotation marks omitted).

### B. Fed. R. Civ. P. 8

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004).

### III. Discussion

In order to withstand dismissal, Plaintiff's Amended Complaint must satisfy Federal Rule of Civil Procedure 8 and "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court finds Plaintiff has failed to comply with this requirement. The Moving Defendants – Meritain Health, Quinlivan, PPS, Nussbaum, RHI, the GEICO Defendants, Bremer, and AWS – have each alleged that the claims against them are unclear and thus difficult to defend against. At the heart of the Amended Complaint is Plaintiff's contention that the termination of his COBRA benefits "violated federal law." (Compl. ¶ 25, Feb. 17, 2011, ECF No. 13). Section Two of Plaintiff's Amended Complaint contains a bulleted list of six statutes, which Plaintiff points to as the basis for this Court's federal question jurisdiction. However, the Amended Complaint makes no mention of which statute in particular Plaintiff seeks to hold each Defendant liable for violating nor of which

conduct in particular stands in violation of the statutes.

Plaintiff mentions COBRA and the Employee Retirement Income Security Act of 1974 ("ERISA") in Section Two of this Amended Complaint as the basis of this Court's jurisdiction yet does not point to any of its relevant provisions. The COBRA amendments to the Employee Retirement Income Security Act of 1974 ("ERISA") instruct that "[t]he plan sponsor of each group health plan shall provide . . . that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161(a); see also Fama v. Design Assistance Corp., Civ. Nos. 12-2414, 12-2474, 2013 WL 144346329, at *1 (3d Cir. April 10, 2013). At the heart of the determination of whether COBRA notice is required—and whether a statutory penalty shall be imposed—is the existence and timing of the "qualifying event." See 29 U.S.C § 1163. The occurrence of a qualifying event triggers notice requirements, both for an employer and for an administrator of a group health care plan. It is unclear to this Court whether Plaintiff is making a claim in this regard, and, if so, the legal basis for such a claim.

Although this Court is sensitive to the challenges a pro litigant faces, the Court cannot expect the Defendants to defend against claims that are not clearly and specifically alleged. The Amended Complaint stands in stark contrast to Rule 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). As the Amended Complaint is not broken up into individual counts, the Moving Defendants must comb through forty-five lengthy paragraphs of factual allegations and pinpoint each instance where the numerical code Plaintiff has assigned to each Defendant appears and attempt to determine how it corresponds to the list of federal statutes contained in Section Two. The Court

may not be tasked with trying to ascertain the various claims nor can Defendants properly respond to such a complaint. Factual allegations contained in a complaint must be specific and legal conclusions pled as factual allegations are not sufficient. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). The Court may not hold Defendants liable for misconduct when a violation is not particularly and specifically alleged.

The Court thus finds, as it pertains to each of the Moving Defendants, the pleading requirements of Rule 8 have not been satisfied and Plaintiff has failed to plead his Amended Complaint with requisite specificity. The Court notes that it has not reached a decision on the merits of the Plaintiff's claims against the Defendants, due to the non-specific nature of the pleadings.[2]

## IV. CONCLUSION

For the foregoing reasons, the Moving Defendants motions to dismiss (ECF Nos. 208, 209, 210, 211, 212, 213) are **granted**. Plaintiff's Amended Complaint is **dismissed without prejudice** and Plaintiff is permitted to re-file within thirty days with more specificity so that each Defendant may clearly ascertain the claims asserted against him or her. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: April 2𝑦, 2013
cc: All Counsel of Record
Joseph A. Dickson, U.S.M.J.

---

[2] Plaintiff now has the benefit of Defendants' legal arguments seeking dismissal. In all likelihood, these motions will be renewed if Plaintiff chooses to file an amended complaint. It may be in the Plaintiff's interest to carefully review his alleged claims and consider which, if any, should be abandoned if he chooses to re-file.

8