**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------- X
                                                                           :

DAVID B. PUSHKIN,

                                                                           :

        Plaintiff *Pro Se*,

                                                                           :

    -against-

                                                                           :

BETH R. NUSSBAUM, RHI ENTERTAINMENT, INC., TIMOTHY J. QUINLIVAN, MERITAIN HEALTH, INC., KEVIN L. BREMER, ESQ., ARONSOHN WEINER AND SALERNO, LLC, GEICO, PREMIER PRIZM SOLUTIONS, LISA ARDON, GINA FUGE, DOMINIC SPAVENTA AND PAUL FELDMAN,

                                                                           :

Civil Docket No. 12-CV-00324-DMC

MOTION DAY: SEPTEMBER 3, 2013

            Defendants.

------------------------------------------------- X


**MEMORANDUM OF LAW IN SUPPORT OF MERITAIN DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

**Page(s)**

Table of Authorities ................................................................................................ ii

I.    PRELIMINARY STATEMENT ................................................................... 1

II.   ALLEGATIONS IN THE SECOND AMENDED COMPLAINT ................ 3

III.  APPLICABLE LAW ..................................................................................... 5

IV.  ARGUMENT ................................................................................................. 6

      a.    Plaintiff's Complaint Should Be Dismissed Because He Does Not Explain What Laws The Meritain Defendants Violated Nor How Those Laws Were Violated. .................................................. 6

      b.    To The Extent Plaintiff Is Making An ERISA Claim, It Must Be Dismissed Because Meritain Complied With The Law. ................ 7

      c.    Quinlivan Has No Personal Liability Because Plaintiff Fails To Allege Separate Tortious Conduct. ............................................... 10

V.   CONCLUSION ........................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                    **Page(s)**

Agostino v. Appliances Buy Phone, Inc.,
  Case No. 10-05415, 2011 U.S. Dist. LEXIS 104710 (D. N.J. Sept. 15, 2011) .. 11

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ................................................................................................ 5

Bell Atlantic v. Twombly,
  550 U.S. 544 (2007) ................................................................................................ 6

Braden v. Wal-Mart Stores, Inc.,
  588 F.3d 585 (8th Cir. 2009) ................................................................................... 6

Connell v. Hayden,
  83 A.D.2d 30, 443 N.Y.S.2d 383 (N.Y. App. Div. 2d Dep't 1981) .................. 12

Farrell v. AstraZeneca Pharms. LP,
  Civ. A. No. 04-285, 2005 U.S. Dist. LEXIS 18866 (D. Del. Sept. 2, 2005) ....... 9

Felder v. R and K Realty,
  295 A.D.2d 560, 744 N.Y.S.2d 213 (N.Y. App. Div. 2d Dep't 2002) ......... 11-12

Ludwig v. Carpenters Health & Welfare Fund of Phila. & Vicinity,
  383 F. App'x 224 (3d Cir. 2010) ...................................................................... 9-10

Pushkin v. Nussbaum,
  12-cv-0324-DMC, 2013 U.S. Dist. LEXIS 59735 (D. N.J. Apr. 25, 2013) . 1, 6-7

Saltiel v. GSI Consultants, Inc.,
  170 N.J. 297 (N.J. 2002) ........................................................................................ 12

Smith v. Medpointe Healthcare, Inc.,
  Civ. A. No. 04-6315, 2007 U.S. Dist. LEXIS 10471 (D. N.J. Feb. 15, 2007),
  aff'd, 338 F. App'x 230 (3d Cir. 2009) ............................................................. 8-9

Stern v. DiMarzo, Inc.,
  77 A.D.2d 730, 909 N.Y.S.2d 480 (N.Y. App. Div. 2d Dep't 2010) ................ 11

Vanderhoof v. Life Extension Inst.,
  988 F. Supp. 507 (D. N.J. 1997) ............................................................................. 9

**Page(s)**

<u>Young v. Speziale</u>,
    Civ. No. 07-03129, 2009 U.S. Dist. LEXIS 105236 (D. N.J. Nov. 10, 2009) .... 5

**Statutes & Rules**

29 U.S.C. § 1163(2) ........................................................................................... 8

29 U.S.C. § 1163(3) ........................................................................................... 9

29 U.S.C. § 1166(3) ........................................................................................... 9

29 U.S.C. § 1166(4) ........................................................................................... 8

29 U.S.C. § 1167 (3)(A)(i) ................................................................................. 9

Fed. R. Civ. P. 8(a)(2) ........................................................................................ 5

Fed. R. Civ. P. 12(b)(6) .................................................................................. 1-2

Defendants Meritain Health, Inc. ("Meritain") and Timothy J. Quinlivan ("Quinlivan") (collectively, the "Meritain Defendants"), through their counsel Loeb & Loeb LLP, respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## I.   PRELIMINARY STATEMENT

Plaintiff David Pushkin ("Plaintiff") was married to Defendant Beth R. Nussbaum ("Nussbaum"), who participated in a benefit plan maintained by her former employer, Defendant RHI Entertainment, Inc. ("RHI"). For several years now, Plaintiff has sought to hold Meritain, the third-party administrator ("TPA") of the RHI employee benefit plan, and Quinlivan, a former in-house attorney for Meritain, liable for a series of personal misfortunes – namely, a divorce, a car accident, and several costly surgeries – that bear no relationship to either Meritain or Quinlivan.

On April 25, 2013, the Court granted the motions to dismiss filed by all of the Defendants in this action, and permitted Plaintiff to re-file his Complaint "with more specificity so that each Defendant may clearly ascertain the claims asserted against him or her." Pushkin v. Nussbaum, 12-cv-0324-DMC, 2013 U.S. Dist. LEXIS 59735, at *13 (D. N.J. Apr. 25, 2013) (dkt. no. 227). Plaintiff has responded by filing an 86-page Second Amended Complaint (dkt. no. 232) – with

71 exhibits but no numbered paragraphs and no individual causes of action – that still fails to inform the Meritain Defendants about the claims that Plaintiff believes he has against them. Instead, Plaintiff spends his Complaint describing a personal history that has nothing to do with either of the Meritain Defendants. When Plaintiff does mention Meritain or its former employee Quinlivan, he merely blames Meritain in conclusory fashion for the loss of his health insurance coverage. Yet he does not allege a single fact that would even suggest actionable conduct by one or both of the Meritain Defendants, and Plaintiff does not even disclose what statute or law he claims the Meritain Defendants violated. Further, even if his allegations are presumed to be true, Plaintiff does no more than claim that Nussbaum failed to continue the couple's health insurance coverage under COBRA 10 months after she lost her job, even though both he and Nussbaum were aware of the option to continue their coverage under COBRA; under this version of events, the Meritain Defendants cannot be held liable for Plaintiff's loss of medical benefits.

With this Second Amended Complaint, Plaintiff has now failed three times to allege a valid claim against the Meritain Defendants. For the reasons set forth in this memorandum, the Meritain Defendants respectfully ask the Court to dismiss Plaintiff's claims against them with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

For the purposes of this motion to dismiss for failure to state a claim, the Court can presume the following factual allegations to be true:

At all relevant times Nussbaum was Plaintiff's wife (Sec. Am. Compl. at pp. 23).[1] Nussbaum was a member of the RHI employee benefit plan (hereinafter "the Plan") and Plaintiff received benefits under the Plan as her husband (id. at p. 24).

Meritain was the TPA for the Plan (id. at p. 5).  Quinlivan is an attorney who was employed by Meritain at all relevant times (id.).

In November 2008, Nussbaum's employment with RHI ceased; she and Plaintiff received medical coverage for 10 months thereafter because RHI paid 100 percent of COBRA premiums during that time (Sec. Am. Compl. at pp. 24, 30). Plaintiff had spinal surgery in March 2007 (Id. at pp. 15-16).  Several months later, on January 28, 2008, Plaintiff was in a car accident in which he suffered a spinal injury (id. at p. 20). Plaintiff has apparently required numerous medical procedures and accommodations as a result of his spinal injuries.

Nussbaum and Plaintiff received a Meritain letter, dated November 18, 2008, addressed to both of them and stored on Plaintiff's computer, alerting them to the availability of 18 months of total COBRA coverage ending in May 2010 (Sec. Am. Compl. at 28, 30, Exhibit 33).  Plaintiff also acknowledges having

---

[1] Meritain Defendants cite to page numbers of the Second Amended Complaint ("Sec. Am. Compl.") because Plaintiff has omitted paragraph numbers.

3

received from Meritain a COBRA Election Form, also dated November 18, 2008, in which Meritain informed both Plaintiff and Nussbaum that they "must continue to pay the Monthly Premium due to Meritain on or before the first day of the coverage period in which it is due and that [Plaintiff and Nussbaum] WILL NOT be billed for premiums due" (id. at p. 31).  And Plaintiff was aware that RHI was not going to pay for COBRA beyond September 21, 2009, since in August 2009 he was communicating with an employee of the New Jersey Department of Banking and Insurance, about extending COBRA (id. at Exhibit 32).  In September 2009, following the end of the 10-month period in which RHI paid all COBRA premiums, Nussbaum declined to self-pay for COBRA coverage for herself and for Plaintiff, and "never provided Plaintiff option to take COBRA for himself " (id. at p. 4).

Meritain, as TPA of the Plan, processed claims on behalf of the Plan for Nussbaum and Plaintiff through and including September 21, 2009, while COBRA was in effect, but thereafter processed denials pursuant to the terms of the Plan (Sec. Am. Compl. at p. 75, 83).  Following the termination of coverage, Plaintiff exchanged correspondence with Quinlivan (id. at p. 83).

Plaintiff and Nussbaum separated on February 12, 2009 and divorced on January 8, 2010  (id. at p. 29).  Plaintiff does not know if Nussbaum notified RHI or Meritain about her separation from Plaintiff in February 2009 (id. at p. 29).

4

### III. APPLICABLE LAW

Federal Rule of Civil Procedure 8(a)(2) requires that a Complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

To avoid a motion to dismiss, a Complaint should provide both fair notice of the nature of the claim and plausible factual allegations to support the claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Moreover, factual allegations must be plausible and specific enough to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, Civ. No. 07-03129, 2009 U.S. Dist. LEXIS 105236, at * 7-8 (D. N.J. Nov. 10, 2009) (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief. " Iqbal, 556 U.S. at 679. Finally, if an obvious alternative explanation for a defendant's conduct exists, the plaintiff must plead facts that tend to rule out the alternative explanation. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 597 (8th Cir. 2009) ("An inference pressed by the plaintiff is not plausible if the facts he points to are precisely the result one

would expect from lawful conduct in which the defendant is known to have engaged").

## IV. ARGUMENT

### a. Plaintiff's Complaint Should Be Dismissed Because He Does Not Explain What Laws The Meritain Defendants Violated Nor How Those Laws Were Violated.

In dismissing Plaintiff's First Amended Complaint, the Court noted that "the Amended Complaint makes no mention of which statute in particular Plaintiff seeks to hold each Defendant liable for violating nor of which conduct in particular stands in violation of the statutes." Pushkin, 2013 U.S. Dist. LEXIS 59735, at *10.

Plaintiff's response to the Court's April 25, 2013 Order was to file a much longer Complaint that still fails to specify which laws each Defendant is supposed to have violated. Plaintiff offers a lengthy list of numerous federal and state laws at the beginning of the Complaint (see Sec. Am. Compl. at p. 8), but again he offers no allegations regarding which laws each Defendant violated and how. Compare Pushkin, 2013 U.S. Dist. LEXIS 59735, at *10.

When Plaintiff discusses the alleged conduct of the Meritain Defendants, he simply suggests that their conduct is wrongful, without alleging why or how they caused, or are liable under the law for, his various alleged damages. Plaintiff's conclusory statements of wrongdoing, which are divorced from any statement about what laws have been violated, and how they were violated, fails to state a

claim for which relief can be granted.

### b. To The Extent Plaintiff Is Making An ERISA Claim, It Must Be Dismissed Because Meritain Complied With The Law.

Even assuming Plaintiff's conclusory allegations of wrongdoing could somehow be construed to make out a claim under the Employee Retirement Income Security Act (ERISA), that ERISA claim should nonetheless be dismissed because even Plaintiff's own version of the facts shows that Meritain complied with the law. Although Plaintiff never asserts that Meritain violated ERISA, the gist of his allegations suggests that Meritain somehow acted wrongfully because Plaintiff was never made aware of the possibility that he could continue COBRA coverage following RHI's cessation of COBRA payments in September 2009.[2]

Yet Plaintiff's own recitation of events – which are presumed to be true for the purposes of this motion – show that both he and Nussbaum were made aware by Meritain of their option to continue COBRA. Meritain sent Plaintiff and Nussbaum a letter dated November 18, 2008, as well as a COBRA Election Form bearing the same date, alerting them to the availability of 18 months of total COBRA coverage ending in May 2010 and that their continuing coverage under

---

[2] To the extent Plaintiff claims that Meritain wrongfully withheld healthcare coverage from him, this claim must fail. Meritain was a TPA for the Plan. As such, Meritain only administers health care claims – it does not provide health care coverage. As a TPA, Meritain is not required to offer COBRA benefits to former Plan participants, only to administer the Plan pursuant to its terms. Meritain could not offer or deny benefits and therefore could not violate some undisclosed federal law by allegedly denying benefits.

COBRA would be predicated on the making of monthly premium payments (id. at 31, Exhibit 33).[3] And Plaintiff was aware (prior to the cessation of COBRA coverage) that RHI was not going to pay for COBRA beyond September 21, 2009, since in August 2009 he was communicating with an employee of the New Jersey Department of Banking and Insurance about extending COBRA (id. at Exhibit 32). Meritain's communications to Plaintiff and Nussbaum, as well as Plaintiff's awareness about his option to extend COBRA following the cessation of COBRA payments by RHI, shows that Meritain complied with any requirement it may have had under ERISA to give notice to Plaintiff about his COBRA options. See 29 U.S.C. §§ 1163(2), 1166(4); see also, e.g., Smith v. Medpointe Healthcare, Inc., Civ. A. No. 04-6315, 2007 U.S. Dist. LEXIS 10471, at *25-28 (D. N.J. Feb. 15, 2007) (plan administrator complied with the notice requirement by mailing notice of COBRA coverage to beneficiary's last known address), aff'd, 338 F. App'x 230 (3d Cir. 2009); Farrell v. AstraZeneca Pharms. LP, Civ. A. No. 04-285, 2005 U.S. Dist. LEXIS 18866, *16-17 (D. Del. Sept. 2, 2005) (same, and further holding that the defendant had no duty to ensure that the plaintiff received her notice – "[i]t was only required to make a good faith effort to notify her of her rights"); Vanderhoof v. Life Extension Inst., 988 F. Supp. 507, 518 (D. N.J. 1997) ("Defendants clearly complied with their obligations under COBRA by mailing the COBRA notice to

---

[3] Since this is a motion to dismiss, the Meritain Defendants cite only to the documents attached as exhibits to Plaintiff's Complaint.

plaintiff's listed home address," even though the plaintiff claimed not to have seen the notice). Nussbaum, moreover, as the employee enrolled in the Plan, chose to discontinue COBRA coverage after she and Plaintiff were both informed of their option to continue COBRA at their own expense – a decision that precludes any liability from attaching to Meritain.

Finally, it is Plaintiff who was responsible for informing Meritain about his separation from Nussbaum in February 2009 (when he was still receiving medical benefits under COBRA). As ERISA recognizes, Meritain has no other way of knowing about personal events taking place in the lives of Plan beneficiaries. See 29 U.S.C. §§ 1163(3), 1166(3), 1167(3)(A)(i) (spouse, a "qualified beneficiary" enrolled in benefit plan, is responsible for notifying administrator about divorce or separation).[4] As recently noted by the Third Circuit:

> Section 1166 is clear that qualified beneficiaries have sixty-days from the date of the qualifying event, such as a divorce, to notify the employer or plan administrator of the divorce. 29 U.S.C. § 1166(a)(3). Without timely notice of the divorce, a plan administrator is not required to provide the otherwise-qualified beneficiary with notice of her rights to continue coverage.

Ludwig v. Carpenters Health & Welfare Fund of Phila. & Vicinity, 383 F. App'x 224, 227 (3d Cir. 2010) (per curiam) (affirming dismissal of ERISA claims brought by spouse of employee benefit plan participant who failed to timely notify

---

[4] A "qualified beneficiary" includes the spouse of a covered employee. 29 U.S.C. § 1167(3)(A)(i).

9

plan of her divorce from the participant). Plaintiff spends many pages of his Complaint blaming Nussbaum for failing to continue his COBRA coverage (which is in and of itself indicative of the fact that Meritain did nothing wrong), but the bottom line is that Plaintiff had the responsibility of contacting RHI or Meritain about his separation from Nussbaum, and never did so despite being aware that RHI would stop paying COBRA premiums in September 2009.

### c.   Quinlivan Has No Personal Liability Because Plaintiff Fails To Allege Separate Tortious Conduct.

Plaintiff barely mentions Quinlivan in his book-length Complaint (the name "Quinlivan" appears a mere 12 times in the entire body of the Complaint), except to note that he and Quinlivan exchanged correspondence in 2009 or 2010 (Sec. Am. Compl. at p. 83). Any claim against Quinlivan should be dismissed for all of the reasons stated above.

But even if Plaintiff's claim against Meritain avoided dismissal, any claim against Quinlivan should be dismissed because Plaintiff has not alleged any separate tortious conduct committed by Quinlivan. Rather, the only ground for Quinlivan's liability asserted in the Complaint is the fact that, as a Meritain in-house attorney, he communicated with Plaintiff. Plaintiff does not explain how he has a claim arising from this correspondence (nor could he).

"[W]hen an officer or director acts on behalf of his [or her] corporation, he [or she] may not be held liable for inducing [the] corporation to violate its

10

contractual obligations unless his [or her] activity involves separate tortious conduct or results in personal profit." Stern v. DiMarzo, Inc., 77 A.D.2d 730, 731, 909 N.Y.S.2d 480, 481 (N.Y. App. Div. 2d Dep't 2010) (citing Di Nardo v. L & W Indus. Park of Buffalo, 425 N.Y.S.2d 704 (N.Y. 1980)); Agostino v. Appliances Buy Phone, Inc., Case No. 10-05415, 2011 U.S. Dist. LEXIS 104710, at *13 (D. N.J. Sept. 15, 2011) (applying New Jersey law to dismiss claims against a corporate employee who was not a party to the contract at issue, noting that "an employee is not personally liable for the corporate actions").[5]

Similarly, "a corporate officer is not held liable for the negligence of the corporation merely because of his official relationship to it." Felder v. R and K Realty, 295 A.D.2d 560, 561, 744 N.Y.S.2d 213, 214 (N.Y. App. Div. 2d Dep't 2002) (citing Clark v. Pine Hill Homes, 492 N.Y.S.2d 253 (1985)). A corporate officer is only liable for the "torts in which he participated or which he authorized or directed." Connell v. Hayden, 83 A.D.2d 30, 58, 443 N.Y.S.2d 383, 402 (N.Y. App. Div. 2d Dep't 1981) (citing Haefeli v. Woodrich Eng'g Co., 255 N.Y. 442, 451 (1931)). As the New Jersey Supreme Court has noted:

> [A] corporate officer can be held personally liable for a tort

---

[5] Meritain Defendants cite New York law because Quinlivan was working in Amherst, New York at the time he was communicating with Plaintiff. See Sec. Am. Compl. at Exhibit 71 (showing Quinlivan's office phone number to have a 716 area code, which is the area code for Buffalo, Amherst and Western New York). In the alternative, the Meritain Defendants cite to New Jersey law, which is substantively the same as New York law.

> committed by the corporation when he or she is sufficiently involved in the commission of the tort. A predicate to liability is a finding that the corporation owed a duty of care to the victim, the duty was delegated to the officer and the officer breached the duty of care by his own conduct.

Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 303 (N.J. 2002).

Further, even if Plaintiff has stated a claim against Meritain under ERISA (which he has not), there are no allegations that Quinlivan played any role in alerting (or failing to alert) Plaintiff about the possibility of COBRA coverage. Plaintiff therefore cannot state a claim against Quinlivan under ERISA. (Further, since Quinlivan is not the TPA of the Plan, he had no obligation to inform Plaintiff about COBRA.)

Since Plaintiff has not alleged any other ground for Quinlivan's liability other than Quinlivan's having worked for Meritain and communicated with Plaintiff in that capacity following the cessation of COBRA coverage, the allegations against Quinlivan should be dismissed without leave to amend.

## V.   CONCLUSION

For the foregoing reasons, the Meritain Defendants respectfully request that Plaintiff's claims against them be dismissed without leave to amend. This is Plaintiff's third attempt at stating a viable cause of action against the Meritain Defendants. The defects in Plaintiff's allegations cannot be cured, since Plaintiff, despite having filed an 86-page Complaint along with 71 exhibits, cannot point to

any actionable conduct by the Meritain Defendants. The Meritain Defendants therefore respectfully ask the Court to dismiss Plaintiff's claims against them with prejudice.

Dated: New York, New York
      August 6, 2013

                              LOEB & LOEB LLP

                              By: /s/ Jodi Sarowitz            .
                              Jodi R. Sarowitz (JS-7491)
                              Dan Platt (*pro hac vice*)
                              Michael Barnett (*pro hac vice*)
                              345 Park Avenue
                              New York, New York 10154
                              (212) 407-4000

                              *Attorneys for Defendants Meritain*
                              *Health, Inc. and Timothy Quinlivan*

LA2312139.2
217558-10015