NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DR. DAVID B. PUSHKIN, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION AND ORDER** |
| v. | Civil Action No. 12-cv-00324 (DMC) (JBC) |
| BETH R. NUSSBAUM, RHI ENTERTAINMENT, INC., TIMOTHY J. QUINLIVAN, MERITAIN HEALTH, INC., KEVIN L. BREMER, ESQ., ARONSOHN WEINER AND SALERNO, L.L.C., GEICO, PREMIER PRIZM SOLUTIONS, LISA ARDRON, GINA FUGE, DOMINIC SPAVENTA, PAUL FELDMAN, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion filed by David B. Pushkin ("Plaintiff") seeking recusal of Judge Dennis M. Cavanaugh, U.S.D.J. (Sept. 4, 2013, ECF No. 258). Plaintiff seeks to disqualify Judge Cavanaugh under 28 U.S.C. §455 on the grounds of bias. Specifically, Plaintiff contends that Judge Cavanaugh's failure to address Plaintiff's request for a time extension demonstrates a bias towards disabled litigants and warrants the Judge's recusal.

28 U.S.C. §455(a) provides that "any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) requires recusal if the judge "has a personal bias or

prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The test for recusal is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003). "The assessment is thus an objective one where the Court asks whether the record reasonably supports the appearance of prejudice or bias suggestive of a high degree of favoritism or antagonism towards a party such that it would be impossible for the judge to make a fair judgment." U.S. v. Cox, No. 11-99, 2012 U.S. Dist. LEXIS 78731 (D.N.J. May 31, 2012) (citing U.S. v. Wecht, 484 F.3d 194, 213 (3d Cir. 2007)).

An objective assessment of the record demonstrates no indication of bias. First, Judge Cavanaugh gave Plaintiff the opportunity to amend his deficient complaint. (Apr. 25, 2013, ECF No. 228). In addition, Judge Cavanaugh gave Plaintiff a sixty day extension to file his Second Amended Complaint. (May 14, 2013, ECF No. 230). The fact that Judge Cavanaugh did not respond to a request for an extension to submit opposition papers is insufficient to demonstrate prejudice or bias.

After considering all submissions and finding that Plaintiff's motion is based on unsubstantiated allegations of bias;

IT IS this ___18___ day of October, 2013;

**ORDERED** Plaintiff's Motion for Recusal is **denied.**

Dennis M. Cavanaugh, U.S.D.J.

Original:    Clerk's Office
cc:          Hon. James B. Clark, U.S.M.J.
             All Counsel of Record
             File