NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. DAVID B. PUSHKIN, | **Hon. Kevin McNulty** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 12-cv-00324 |
| BETH R. NUSSBAUM, RHI ENTERTAINMENT, INC., TIMOTHY J. QUINLIVAN, MERITAIN HEALTH, INC., KEVIN L. BREMER, ESQ., ARONSOHN WEINER AND SALERNO, L.L.C., GEICO, PREMIER PRIZM SOLUTIONS, LISA ARDRON, GINA FUGE, DOMINIC SPAVENTA, PAUL FELDMAN, | |
| Defendants. | |

<u>MCNULTY, U.S.D.J.</u>

This matter comes before the Court upon six motions to dismiss the Second Amended Complaint ("SAC") of Plaintiff David B. Pushkin ("Plaintiff" or "Pushkin") (SAC, July 26, 2013, ECF No. 232). The motions are brought by (1) Meritain Health, Inc. ("Meritain Health") and Timothy J. Quinlivan, Esq. ("Quinlivan), (collectively the "Meritain Defendants") (August 6, 2013, ECF No. 241); (2) Premier Prizm Solutions, LLC ("PPS") (August 19, 2013, ECF No. 243); (3) RHI Entertainment, Inc. ("RHI") (August 19, 2013, ECF No. 244); (4) Kevin L. Bremer, Esq. ("Bremer") and Aronsohn Weiner & Salerno, P.C. ("AWS") (August 20, 2013, ECF No. 247); (5) Beth R. Nussbaum ("Nussbaum") (August 21, 2013, ECF No. 252); and (6) GEICO, Lisa Ardon ("Ardon"), Gina Fuge ("Fuge"), Dominic Spaventa ("Spaventa") and Paul Feldman ("Feldman") (collectively the "GEICO Defendants") (August 22, 2013, ECF No. 253).

Pursuant to FED. R. CIV. P. 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' Motions to Dismiss are **granted.**

## I. BACKGROUND[1]

On or about November 30, 2010, Plaintiff filed an initial complaint in this Court against Defendants Nussbaum, RHI, Quinlivan, Meritain Health, Bremer, and AWS, seeking to recover damages allegedly stemming from the denial of medical coverage and benefits Plaintiff believes he was entitled to. (ECF No. 2). On February 17, 2011, Plaintiff filed an Amended Complaint naming additional Defendants, including the GEICO Defendants and PPS. (ECF No. 13). All Defendants filed motions to dismiss Plaintiff's (First) Amended Complaint. By Opinion and Order dated April 24, 2013 (ECF Nos. 227, 228), the Hon. Dennis M. Cavanaugh dismissed the Amended Complaint for lack of specificity and failure to comply with Rule 8's requirement of a "short and plain statement of the claim." FED. R. CIV. P. 8(a)(2). That dismissal was without prejudice; Plaintiff was granted leave to amend the complaint, and, on July 26, 2013, he filed the SAC. (ECF No. 232). All Defendants have now filed motions to dismiss alleging that the SAC has not cured the deficiencies of Plaintiff's dismissed Amended Complaint. Upon Judge Cavanaugh's retirement, this case was reassigned to me.

Plaintiff sustained an injury in August 2005 when a large piece of furniture fell on his back. He was diagnosed with a lumbosacral fracture in November 2006 and spinal radiculopathy in December 2006. On March 21, 2007, Plaintiff underwent fusion surgery on his lumbar spine. On January 28, 2008, Plaintiff was involved in a motor vehicle accident, in which he suffered an additional spinal injury. In July 2008, Plaintiff's neurological and neuromuscular impairments were deemed by his neurologist to be severe enough to require that Plaintiff reduce the physical demands of home and work. Plaintiff asserts that by the end of 2008, he was no longer capable

---

[1] The facts set forth in this Opinion are taken from the parties' respective moving papers and filings.

of performing duties associated with teaching chemistry and physics in a lab setting. Plaintiff's employment was terminated by Bergen Community College and Fairleigh Dickinson University at the end of the fall 2008 term. Plaintiff filed for unemployment benefits on December 21, 2008, and has not been employed since. Plaintiff asserts that his health has continued to decline and that he is currently confined to a wheelchair most of the time.

Plaintiff married Nussbaum on December 28, 2003. Nussbaum and Plaintiff separated on February 12, 2009. Plaintiff filed for divorce on or about July 29, 2009, and the divorce was finalized January 8, 2010. Nussbaum was represented by Bremer in the divorce proceedings. Bremer is an attorney employed by AWS, a New Jersey law firm. During the marriage, Nussbaum was an employee of RHI and was covered under the RHI employee benefit health plan ("RHI Plan"). Plaintiff, by virtue of being Nussbaum's spouse, received benefits under the RHI Plan between 2003 and 2009. Meritain Health was the Third Party Administrator ("TPA") of the RHI Plan. Quinlivan was an attorney employed by Meritain Health during the relevant time period.

In November 2008, Nussbaum's employment was terminated by RHI. Upon termination, Plaintiff and Nussbaum were offered, and elected to receive, ten months of health coverage under COBRA at RHI's expense. Plaintiff received these ten months of COBRA coverage from November 2, 2008 through September 21, 2009. Plaintiff asserts that, in accordance with COBRA, Plaintiff and Nussbaum were legally eligible for at least eight additional months of health coverage, at their own expense, effective September 22, 2009. Nussbaum did not elect to continue COBRA coverage after September 21, 2009, and did not inform Plaintiff about the opportunity to elect to continue COBRA coverage at this time. According to Plaintiff, "under terms of COBRA…Nussbaum, Meritain Health and RHI were responsible for advising Plaintiff

of his rights and procedures related to continuation of his own COBRA coverage." (SAC 32). In the SAC, however, Plaintiff makes the contradictory assertion that "he became aware of his own rights to individual COBRA coverage under the RHI Plan in August 2009." (SAC 29).

As of November 16, 2009, Plaintiff received individual coverage from Horizon. He later switched insurance providers a few times and currently uses traditional Medicare for his primary coverage. Plaintiff asserts that if he had been allowed to continue COBRA coverage with RHI after September 21, 2009, his monthly premiums, accounting for a one-third monthly subsidy pursuant to the American Recovery and Reinvestment Act of 2009 ("ARRA"), would have been $688.00 and his coverage could have been extended for 36 months. Instead, Plaintiff's premiums under Horizon and other health insurance providers averaged over $600.00 per month. Plaintiff contends that the quality of coverage, benefits and medical care was inferior to what he received under the RHI Plan. Additionally, Plaintiff asserts that he no longer had out-of-network coverage and therefore could not see many of his chosen physicians, including his spinal surgeon.

Plaintiff maintained auto insurance coverage with GEICO, which also included some health care coverage. PPS is a TPA of Personal Injury Protection Benefits ("PIP") for GEICO. Plaintiff alleges that after his car accident, PPS denied payment of various benefit claims to Plaintiff's medical providers. Plaintiff also seeks to hold four of GEICO's then-employees—Ardron, Fuge, Spaventa, and Feldman—responsible for the denial of claims.

The SAC also includes allegations concerning Nussbaum's treatment of Plaintiff during the course of their marriage and following his injuries, as well as her conduct during the couple's divorce proceedings. Against Nussbaum, Plaintiff makes allegations of spousal abuse, perjury, fraud and violations of the Americans with Disabilities Act ("ADA"), and levels a number of

personal attacks. Plaintiff includes Bremer, Nussbaum's divorce attorney, in many of these allegations and also accuses Bremer of ethical breaches.

## II. LEGAL STANDARD

### a. FED. R. CIV. P. 8 AND 12(B)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). A complaint must plead facts sufficient to suggest a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004).

In deciding a motion to dismiss under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is

liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, Civ. No. 07-03129, 2009 WL 3806296, at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). The complaint must show an entitlement to relief with its facts. Steedley v. McBride, 446 Fed.Appx. 424, 425 (3d Cir. 2011) (citing Fowler v. UPMC Shadyside, 578 F.3d 203, 2011 (3d Cir. 2009)).

"A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations omitted) (internal quotation marks omitted).

### III. DISCUSSION

In dismissing Plaintiff's first Amended Complaint, Judge Cavanaugh, to whom this case was then assigned, noted that the Amended Complaint contains a list of six statutes but "makes no mention of which statute in particular Plaintiff seeks to hold each Defendant liable for violating nor of which conduct in particular stands in violation of the statutes." Pushkin v. Nussbaum, 12-cv-0324, 2013 U.S. Dist. LEXIS 59735, at *10 (D.N.J. Apr. 25, 2013) (ECF No. 227). Although sensitive to the challenges faced by a pro se litigant, the Court explained that it "cannot expect the Defendants to defend against claims that are not clearly and specifically

alleged." Id. at *11-12. The Court pointed out that "[a]s the Amended Complaint is not broken up into individual counts, the Moving Defendants must comb through forty-five lengthy paragraphs of factual allegations" and attempt to determine how those allegations correspond to the list of federal statutes. Id. at *12. The Court ultimately dismissed the Amended Complaint without prejudice for Plaintiff's failure to comply with Federal Rule of Procedure Rule 8's requirement of a "short and plain statement of a claim" and for failing to plead causes of action with the "requisite specificity." Id. at *12-13.

It is fair to say that Plaintiff has either disregarded Judge Cavanaugh's instructions or done precisely the contrary. He has now filed an 86-page SAC (It appears to be in 11-point type, 1½ spaced). (ECF No. 232). Attached to the SAC are 71 exhibits. The paragraphs are not numbered. No individual causes of action are identified.

Plaintiff's SAC, like its predecessor, contains a bulleted list of federal statutes. These include the Social Security Act of 1935, the Americans with Disabilities Act ("ADA"), the American Recovery and Reinvestment Act of 2009 ("ARRA"), the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and the Employee Retirement Income Security Act ("ERISA"). Plaintiff asserts that "multiple defendants willfully, repeatedly and adversely interfered" with Plaintiff's health care and eligibility for COBRA health insurance and violated Plaintiff's rights under the ADA.  However, as in the first Amended Complaint, Plaintiff's SAC fails to explain how the listed statutes relate to the factual allegations or how any particular Defendant's conduct violated any one of the listed statutes.

Defendants' briefs suggest many substantive bases for dismissing whatever hypothetical causes of action could be gleaned from all this. The following is a sample. Meritain and RHI both cite the exhibits to the Complaint, which demonstrate that they complied with ERISA by

sending Plaintiff and his wife the required election forms for COBRA coverage. (Document No. 242 at 11; Document no. 244-2) The GEICO defendants survey the cited statutes and point out the many reasons why they bear no relation to personal injury protection under automobile insurance policies. (Document No. 253-1) Prizm discusses the lack of any cognizable tort or contract claim, and also cites the unavailability of a PIP cause of action against a third party administrator. (Document No. 243-2) AWS and Bremer, the attorneys, similarly survey the cited statutes and find no application to any allegation against them; they further note the lack of any cognizable state law cause of action against them as opposing attorneys. (Document No. 250) Nussbaum notes that, as Plaintiff's ex-wife, she is not a proper defendant under ERISA, that further state law claims are preempted or were settled in divorce proceedings, and that any negligence claim is barred by the two-year statute of limitations. (Document No. 252-4)

More broadly, virtually all of the defendants assert that the SAC does not cure the deficiencies that resulted in the dismissal of the (First) Amended Complaint, and I agree. It is clear that the SAC, if anything, amplifies the problems of the First. Plaintiff's SAC now requires Defendants to comb through 86 pages of factual allegations without any delineated causes of action or even numbered paragraphs and attempt to decipher a link between Defendants' alleged conduct and some basis of liability related to one of the listed statutes. As with Plaintiff's first Amended Complaint, the Court "cannot expect Defendants to defend against claims that are not clearly and specifically alleged." Id. at *11-12.

Federal Rule of Civil Procedure 8 provides that a complaint "shall contain...a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(a) also "requires that a complaint against multiple defendants 'indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against

the particular defendants." See <u>Poling v. K. Hovnanian Enterprises</u>, 99 F. Supp. 2d 502, 517-18 (D.N.J. 2000). Despite specific directions from Judge Cavanaugh, Plaintiff's SAC still does not specify which actions of which Defendant entitle him to what relief under which statute and why.

I therefore find that the SAC must be **DISMISSED**. I will not prospectively grant Plaintiff leave to amend his complaint a third time. Plaintiff has failed to cure the deficiencies in his complaint by previously allowed amendment. Moreover, he has failed to give the Court any reason to think that a meritorious cause of action lurks within his prolix submissions. If plaintiff wishes to amend his complaint, he must do so by a properly supported motion to amend under Rule 15, with a proposed pleading attached. Defendants need not submit any response to the motion unless directed to do so by the Court. See generally <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) ("leave to amend shall be freely given…in the absence of any apparent or declared reason – such as …repeated failure to cure deficiencies by amendments previously allowed…futility of amendment"); <u>Long v. Wilson</u>, 393 F.3d 390, 400 (3d Cir. 2004). Unless such a motion to amend is submitted within 30 days and is granted, this dismissal will be **WITH PREJUDICE.**

IV.    **CONCLUSION**

For the foregoing reasons, the Motions to Dismiss brought by (1) the Meritain Defendants (ECF No. 241); (2) PPS (ECF No. 243); (3) RHI (ECF No. 244); (4) Bremer and AWS (ECF No. 247); (5) Nussbaum (ECF No. 252); and (6) the Geico Defendants (ECF No. 253) are **granted** and Plaintiff's SAC is **dismissed.** Such dismissal is with prejudice unless, within 30 days, the plaintiff submits a properly supported motion to amend the complaint, and such motion is granted. An appropriate Order accompanies this Opinion.

Dated: April 15, 2014

_____
Kevin McNulty, U.S.D.J.