UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. DAVID B. PUSHKIN, | **Hon. Kevin McNulty** |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | Civil Action No. 12-cv-00324 |
| BETH R. NUSSBAUM, RHI ENTERTAINMENT, INC., TIMOTHY J. QUINLIVAN, MERITAIN HEALTH, INC., KEVIN L. BREMER, ESQ., ARONSOHN WEINER AND SALERNO, L.L.C., GEICO, PREMIER PRIZM SOLUTIONS, LISA ARDRON, GINA FUGE, DOMINIC SPAVENTA, PAUL FELDMAN, | |
| Defendants. | |

MCNULTY, U.S.D.J.

This matter comes before the Court upon the motion of the plaintiff, David Pushkin, to file a Third Amended Complaint ("3AC"). Judge Cavanaugh (to whom the case was assigned until his retirement) dismissed the First Amended Complaint ("1AC") for lack of specificity and failure to comply with Rule 8's requirement of a "short and plain statement of the claim." FED. R. CIV. P. 8(a)(2). (ECF Nos. 227, 228) I dismissed the Second Amended Complaint ("2AC"), finding that, if anything, it had amplified the faults of the First. (Opinion and Order, ECF Nos. 273, 274) My order gave Plaintiff 30 days to submit a properly supported Motion to Amend pursuant to Fed. R. Civ. P. 15,

and provided that, unless such a motion were granted, the dismissal of the 2AC would be with prejudice. I also provided that Defendants should not respond to any such motion to amend unless ordered to do so.

The Plaintiff has now submitted a proposed Third Amended Complaint. (ECF 275-2) The 3AC at least contains numbered paragraphs and is divided into causes of action, numbered I through VII. Each cause of action has a title (*e.g.,* Cause of Action related to Personal Injury and Negligence). Each lists the federal statutes under which it is brought. Each cause of action incorporates by reference numbered paragraphs from the "Statement of Facts" section. From these, the reader might, to some extent, infer the names of the Defendant(s) against which each cause of action is asserted. I note, however, that some of the causes of action list a large number of federal statutes, and the complaint itself appears to combine diverse unrelated grievances against multiple parties.

Nevertheless, I find this *pro se* pleading sufficient to put Defendants to the burden of submitting papers in response to the Motion to Amend. Such papers should concentrate on the issue of whether permitting the amendment would be "futile"—*i.e.,* whether the 3AC could survive a motion to dismiss. *See generally Foman v. Davis*, 371 US 178, 182 (1962). The normally liberal standard of amendment will be considered in light of the fact that this is not a first, but a third, amended complaint. Arguments submitted in previous briefs may be incorporated by reference if their application to the current proposed


3AC is clear and will not require undue effort by the Court.[1] Accordingly,

**IT IS** this 22d day of May, 2014

**ORDERED** that, within 30 days, Defendants shall respond to Plaintiff's motion to amend (ECF No. 275) in the manner described above.

　　　　　　　　　　　　　　　　　　Kevin McNulty, U.S.D.J.

---

[1] Some of these arguments were referred to in summary form in my prior Opinion. (ECF No. 273 at pp. 7-8)