UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DR. DAVID B. PUSHKIN,

              Plaintiff,

           v.

BETH R. NUSSBAUM, RHI
ENTERTAINMENT, INC.,
TIMOTHY J. QUINLIVAN,
MERITAIN HEALTH, INC., KEVIN
L. BREMER, ESQ., ARONSOHN
WEINER AND SALERNO, L.L.C.,
GEICO, PREMIER PRIZM
SOLUTIONS, LISA ARDRON, GINA
FUGE, DOMINIC SPAVENTA,
PAUL FELDMAN,

              Defendants.

Civ. No. 2:12-0324 (KM) (MAH)

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court upon the motion of the Plaintiff, David B. Pushkin, for leave to amend the Second Amended Complaint (Docket No. 275). Briefs in opposition are filed by: (1) Meritain Health, Inc. ("Meritain Health") and Timothy J. Quinlivan, Esq. ("Quinlivan), (collectively the "Meritain Defendants") (Docket No. 278); (2) Kevin L. Bremer, Esq. ("Bremer") and Aronsohn Weiner & Salerno, P.C. ("AWS") (Docket No. 280); (3) GEICO, Lisa Ardon ("Ardon"), Gina Fuge ("Fuge"), Dominic Spaventa ("Spaventa") and Paul Feldman ("Feldman") (collectively the "GEICO Defendants") (Docket No. 281); (4) Premier Prizm Solutions, LLC ("PPS") (Docket No. 282); (5) RHI Entertainment, Inc. ("RHI") (Docket No. 283); and (6) Beth R. Nussbaum ("Nussbaum") (Docket No. 284). Pushkin filed a consolidated reply brief on July

1

10, 2014 (Docket No. 285).

Pursuant to FED. R. CIV. P. 78, this motion is decided without oral argument. For the reasons set forth below, Plaintiff's motion is denied.

## I. BACKGROUND

### a. Procedural history

On or about November 30, 2010, Pushkin filed an initial complaint against Defendants Nussbaum, RHI, Quinlivan, Meritain Health, Bremer, and AWS, seeking to recover damages allegedly stemming from the denial of medical coverage and benefits to which Pushkin believes he was entitled. (Docket No. 2). On February 17, 2011, Pushkin filed an Amended Complaint naming additional Defendants, including the GEICO Defendants and PPS. (Docket No. 13). All Defendants filed motions to dismiss the (First) Amended Complaint. By Opinion and Order dated April 24, 2013 (Docket Nos. 227, 228), the Hon. Dennis M. Cavanaugh dismissed the Amended Complaint for lack of specificity and failure to comply with Rule 8's requirement of a "short and plain statement of the claim." FED. R. CIV. P. 8(a)(2). That dismissal was without prejudice; Plaintiff was granted leave to amend the complaint.

The case was reassigned to me on April 3, 2014. On July 26, 2013, Pushkin filed the Second Amended Complaint ("2AC"). (Docket No. 232). All defendants filed motions to dismiss the 2AC, alleging that the 2AC had not cured the deficiencies of Plaintiff's dismissed Amended Complaint. (Docket Nos. 241, 243, 244, 247, 252, 253). By Opinion and Order dated April 15, 2014, I granted the defendants' motions and dismissed the 2AC. My Order provided

that, unless Plaintiff moved for leave to amend his complaint a third time within 30 days and that motion was granted, the dismissal of the 2AC would be with prejudice. On May 5, 2014, Plaintiff filed a motion for leave to amend the 2AC (Docket No. 275). On May 22, 2014, I ordered defendants to respond, directing them to focus on the issue of futility, and authorizing them to to incorporate by reference arguments from prior filings. (Docket No. 277) All defendants filed briefs in opposition, asserting that the Proposed Third Amended Complaint ("P3AC") had not cured the deficiencies of the dismissed 2AC.

### b. Factual allegations

The following factual allegations are taken from the P3AC. For purposes of this motion, they are accepted as true. In general, Pushkin has sued his ex-wife, her former employer, her lawyers, health and auto insurers, third party administrators, and others. He holds them collectively responsible for, inter alia, his failure to receive insurance reimbursement for certain injuries from his ex-wife's health insurer and an auto insurer.

Dr. Pushkin is a science educator, formerly employed by Bergen Community College and Fairleigh Dickinson University. He sustained an injury in August 2005 and was diagnosed with a lumbar spinal fracture between November 26, 2006 and January 22, 2007. On January 28, 2008, he sustained additional spinal injury in a motor vehicle accident. On March 21, 2007, he underwent fusion surgery on his lumbar spine. Pushkin asserts that by the end of 2008, he was no longer capable of performing duties associated with

teaching chemistry and physics, and his employment was terminated on December 18, 2008. He filed for unemployment benefits and has not been employed since.

Dr. Pushkin married Nussbaum on December 28, 2003. They separated on February 12, 2009. Pushkin filed for divorce on or about July 28, 2009, and the divorce was finalized January 8, 2010. Bremer, an attorney employed by AWS, a New Jersey law firm, represented Nussbaum in the divorce proceedings. During the marriage, Nussbaum was an employee of RHI and was covered under the RHI employee benefit health plan ("RHI Plan"). Pushkin, as Nussbaum's spouse, received benefits under the RHI Plan between 2003 and 2009. Meritain Health was the Third Party Administrator ("TPA") of the RHI Plan. Quinlivan was an attorney employed by Meritain Health during the relevant time period. Pushkin alleges that Meritain and Quinlivan made "false claims" about his coverage to the New Jersey Department of Banking and Insurance, the New York Attorney General's Office, and the U.S. Department of Labor.

In November 2008, Nussbaum's employment was terminated by RHI. From November 2008 to September 2009, Pushkin and Nussbaum received additional COBRA health insurance coverage. Nussbaum terminated her COBRA coverage on September 21, 2009. Pushkin alleges that he was eligible for an additional eleven months of COBRA coverage. He further states that he was not advised of his eligibility for benefits beyond September 21, 2009.

It may be gleaned that, against RHI, Pushkin alleges fraud, breach of

4

contract, interference with his access to healthcare benefits, interference with his right to hold and convey real and personal property, violations of the New Jersey Group Insurance Coverage Discontinuance and Replacement Law, the American Recovery and Reinvestment Act of 2009 ("ARRA"), the 2010 Recovery Act's COBRA Health Insurance Continuation Premium Subsidy, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and many additional New Jersey statutes. Pushkin also alleges that Meritain and RHI interfered with his access to medical care and filed a lien that prevented him from receiving the settlement proceeds resulting from his motor vehicle accident.

Pushkin maintained auto insurance coverage with GEICO. PPS is a TPA of Personal Injury Protection Benefits ("PIP") for GEICO. Spaventa, Fuge, Ardron, and Feldman were GEICO employees at the time Pushkin filed his motor vehicle claim. Spaventa and Fuge handled the claim, Ardron supervised Spaventa and Fuge, and Feldman supervised Ardron. Pushkin alleges that after his car accident, GEICO, PPS, and employees Spaventa, Fuge, Ardron, and Feldman made false claims to the New Jersey Department of Banking and Insurance, committed fraudulent acts, breached fiduciary duties, and violated many New Jersey statutes.

The P3AC also alleges that Nussbaum mistreated Pushkin during the course of their marriage and divorce, particularly in relation to his injuries. Through correlation of certain of the counts with certain of the factual allegations, it may be gathered, with difficulty, that against Nussbaum,

Pushkin alleges negligence, fraud, perjury, conspiracy, and violations of the Americans with Disabilities Act ("ADA"), the Persons with Disabilities Civil Rights Act ("PDCRA"), the 2010 Recovery Act's COBRA Health Insurance Continuation Subsidy, the American Recovery and Reinvestment Act of 2009 ("ARRA"), the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and the Social Security Act. Pushkin also alleges that Nussbaum mistreated him by forcing him to perform tasks, keeping an unsafe home environment, threatening to evict him, interfering with his right to hold and convey real property, threatening him during their divorce negotiations, and interfering with his medical care and insurance. In many of these allegations, Pushkin includes Bremer, Nussbaum's divorce attorney, and AWS, the law firm at which Bremer worked while representing Nussbaum.

II.   **LEGAL STANDARD**

a.  **FED. R. CIV. P. 15(a)(2)**

Under FED. R. CIV. P. 15(a)(2), a court should give leave for a plaintiff to amend his pleading "when justice so requires." The Court may deny a motion to amend the pleadings where there is: (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) futility of amendment, or (5) repeated failure to correct deficiencies. Foman v. Davis, 371 U.S. 178, 182 (1962); Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." Am. Corporate Soc'y v. Valley Forge Ins. Co., 424 F. App'x 86, 90 (3d Cir. 2011) (internal citations omitted).

Therefore, one test for whether an amended complaint would be futile is the standard for a motion to dismiss under FED. R. CIV. P. 12(b)(6). In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

### b. FED. R. CIV. P. 8 AND 12(B)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). A complaint must plead facts sufficient to suggest a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004).

In deciding a motion to dismiss under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, Civ. No. 07-03129, 2009 WL 3806296, at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). The complaint must show an entitlement to relief with its facts. Steedley v. McBride, 446 F. App'x 424, 425 (3d Cir. 2011) (citing Fowler v. UPMC Shadyside, 578 F.3d 203, 2011 (3d Cir. 2009)).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations omitted) (internal quotation marks omitted). However,

this normally liberal standard of amendment must be considered in light of the fact that this is not a first, but a third, amended complaint.

## III. DISCUSSION

The P3AC fails to correct many of the deficiencies found in the 2AC. To be sure, the P3AC makes certain improvements: for the first time, we find numbered paragraphs; titled causes of action (*e.g.*, "Cause of Action related to Personal Injury and Negligence"); and incorporation by reference of factual allegations under each titled cause of action. However, the P3AC ultimately fails to plead facts sufficient to put any of the defendants on notice as to how their actions could plausibly result in liability.

It is generally clear, for example, that Pushkin is aggrieved by his ex-wife's treatment of him, the expiration of COBRA health insurance he enjoyed through his ex-wife's employer, certain insurers' failure to pay claims, the conduct of his ex-wife's attorneys, and so on. I have no reason to doubt that Plaintiff's physical injuries are causing him distress, that he feels abused by his ex-wife's lawyers, or that the aftermath of his divorce left him without the benefit of the couple's combined resources, including insurance. Those circumstances, however, do not necessarily translate to a federal court action against all of the many parties involved. Missing are allegations as to who did what, and when, and what cause of action is asserted against each defendant.

The factual allegations of the P3AC, when they are not simply irrelevant, are so conclusory as to leave the reader in the dark. To take an example at random:

> Between February 1, 2008 and February 1, 2010, Defendants GEICO and/or PPS and/or employees Fuge, Ardron, Spaventa and/or Feldmann willfully and repeatedly breached fiduciary duties to Plaintiff and his contractual health/medical coverage and benefits on medical claims related to Plaintiff's January 28, 2008 MVA.

P3AC ¶ 34. There is also a "group pleading" problem. The final ten factual allegations (P3AC ¶¶ 38-47) cite "the collective actions by all twelve Defendants." None of the numbered causes of action specifies the defendant or defendants against which it is directed.

The P3AC, like its predecessors, contains lists of federal statutes. Those statutes are now organized under labels relating to causes of action (*e.g.*, "Cause of Action related to Breach of Insurance Contract"), and the causes of action incorporate by reference paragraphs from the statement of fact. This organization, however, provides no additional clarity as to how any particular defendant's conduct violated any one of the listed statutes or how any particular statute provides Plaintiff with an actual cause of action.

Count I, for example, entitled "Personal Injury and Negligence," cites 28 U.S.C. §§ 1391 and 1331, which are venue and jurisdictional provisions. It also cites 42 U.S.C. § 1986 (failure to prevent a section 1985 civil rights conspiracy), but alleges no such § 1985 conspiracy, and on its face it appears to fall outside the one-year statute of limitations. No defendants are specifically identified in this (or any) Count. Count I incorporates by reference sixteen of the factual allegation paragraphs, but it is impossible to glean from this selection what is alleged, and against whom. The factual allegations seem potentially to relate to "personal injury and negligence" are against Nussbaum, Pushkin's ex-wife. She

is said to have "subjected" him to an unsafe environment in their (mutual) marital home, to have caused him injury "during their joint participation in a household task," and "forced" him to do physical tasks against his physicians' advice. (*See, e.g.,* P3AC ¶¶ 1, 12, 13)  These allegations fall far short of suggesting the presence of the four essential elements of a negligence claim. *See generally Stanley Co. v. Hercules Powder Co.,* 16 N.J. 295, 315, 108 A.2d 616 (1954). And no potential basis for federal jurisdiction appears. Pushkin and several defendants, including his ex-wife, are non-diverse, and these negligence allegations fit within no cited federal statute. *See generally* 28 U.S.C. § 1331, 1332.

To take another example, Count IV cites 31 U.S.C. § 3729, the False Claims Act. There seems to be no allegation that anyone made a false statement in order to obtain payment from a federal government agency, which is the subject matter of that Act. One of the incorporated factual allegations states that defendant GEICO made "false claims regarding Plaintiff's PIP coverage and benefits" to the New Jersey Department of Banking and Insurance. P3AC ¶ 34. Others are similar. From the context, however, it is clear that Pushkin means to say that some defendants said things to government agencies that were untrue—not that they made false claims for payment from a federal agency.

Pushkin alleges under Claim VI ("Cause of action related to Violation/Denial of Civil Rights and Civil Rights related to Services, Coverages, Benefits and/or Real and Personal Property") violations of several statutes,

specifically, 28 U.S.C. § 1331 (Federal question jurisdiction), 42 U.S.C. § 1982

(Property rights of citizens), 31 U.S.C. § 3729 (False claims), and 31 U.S.C. §

3731 (False claims procedure). The incorporation by reference of fact

paragraphs in Count VI gives little help. One, for example, is P3AC ¶ 9:

> Between November 22, 2006 and January 8, 2010, Defendant
> Nussbaum willfully and repeatedly denied legitimacy/validity of
> Plaintiff's injury, level of physical disability, and health/medical
> care requirements, including the necessity for spinal surgery and
> hospitalization, regardless of diagnoses/prognoses by
> professionally trained and licensed medical specialists (i.e.,
> orthopedic surgeon, neurologist, spinal/neurosurgeon).

This—an allegation that Pushkin's ex-wife "denied" the seriousness of his

medical condition—bears no discernible relation to the cited statutes or any

federal cause of action suggested by the complaint. More generally, the P3AC

fails to identify how, if at all, any of these cited statutes relate to the facts in a

way that gives rise to a plausible entitlement to relief.

The remaining Counts are similar. To discuss them specifically is

fruitless, because they fail to meet elemental standards of pleading or identify

specific causes of action in a way that permits of a response. The P3AC falls far

short of Federal Rule of Civil Procedure 8's requirement that a complaint

"indicate clearly the defendants against whom relief is sought and the basis

upon which the relief is sought against the particular defendants." FED. R. CIV.

P. 8(a)(2). As with the first and second amended complaints, the Court "cannot

expect Defendants to defend against claims that are not clearly and specifically

alleged." Pushkin v. Nussbaum, 12-cv-0324, 2013 U.S. Dist. LEXIS 59735, at

*11–12 (D.N.J. Apr. 25, 2013) (Docket No. 227); Pushkin v. Nussbaum, 12-cv-

0324, 2014 U.S. Dist. LEXIS 52349, at *11 (D.N.J. Apr. 15, 2014).  Because the P3AC would not survive a motion to dismiss, it would be futile to grant Plaintiff's motion for leave to amend the 2AC and file the P3AC.

The question arises whether I should deny the motion to amend with prejudice—*i.e.*, whether any further amendment would be futile. I have tried to make allowances for Plaintiff's *pro se* status. In short, it is not the Court's intention to erect pleading barriers to meritorious causes of action, but I do not sense that meritorious claims lie behind these diffuse and confusing allegations.

Defendants, although hampered by the inadequate pleadings, have attempted to suggest why the many statutes cited do not or could not apply to them. For the most part, I have not reached those substantive contentions, but I here give a flavor. Meritain and RHI cite exhibits that Pushkin attached to the 2AC, which demonstrate that they complied with ERISA by sending Plaintiff and his wife the required election forms for COBRA coverage. GEICO surveys the cited statutes and points out the many reasons why they bear no relation to personal injury protection under automobile insurance policies, which in any event is almost entirely governed by State law. *See generally* 15 U.S.C. § 1012 (McCarran-Ferguson Act). Prizm discusses the lack of any cognizable tort claim, the failure to identify any relevant contract claim, and the unavailability of a PIP cause of action against a third party administrator. The attorney defendants similarly survey the cited statutes and find no potential cause of action arising from their representation of the plaintiff's ex-wife in divorce

proceedings. Nussbaum, Pushkin's ex-wife, notes that many or most state law claims are preempted or were settled in divorce proceedings; that she cannot be liable under COBRA or ERISA because she is a beneficiary, not an administrator, of a plan; and that any negligence claim is subject to the two-year statute of limitations. Several of the Defendants point out that statutes such as the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, would not even potentially apply. (They are not, for example, covered employers, government entities, or maintainers of public accommodations.) Such statutes as the Social Security Act and the Medicare Act of 1965 bear no obvious relation to the allegations.

I have focused on the deficiencies in pleading. That is not to say that a properly pleaded claim would set forth a viable cause of action as a matter of law; as set forth above, Defendants have identified severe substantive defects, in addition to the pleading defects. Nevertheless, I will give this *pro se* plaintiff one more chance to remedy those deficiencies

## IV.   CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Leave to Amend the Second Amended Complaint and file the Proposed Third Amended Complaint is **DENIED**. This action, still at the complaint stage, already has 285 filings on the docket. Plaintiff has been given three opportunities to state simply what his causes of action are, what defendants they are asserted against, and what facts render each relevant defendant liable.

This denial is nevertheless without prejudice to the filing of one more properly supported motion to amend the complaint, attaching a proposed pleading. **Defendants shall not respond to Plaintiff's motion to amend, if any, unless directed to do so.**

An appropriate Order accompanies this Opinion.

Dated: September 11, 2014

**KEVIN MCNULTY**
**United States District Judge**