# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr. Federal
Bldg. & U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

May 4, 2016

## **LETTER OPINION & ORDER**

Counsel of record

    RE:    David B. Pushkin v. Beth R. Nussbaum, et al.
            Civil Action No. 12-324 (ES)

Dear Litigants:

      Presently before the Court is Plaintiff's March 30, 2016 application for *pro bono* counsel under 28 U.S.C. § 1915(d). Appl. for Pro Bono Counsel, D.E. 322. For the reasons set forth below, Plaintiff's request for the appointment of *pro bono* counsel is denied.

### Background

      On November 30, 2010, Plaintiff filed a *pro se* action against "his ex-wife, her former employer, Plaintiff's and his then-wife's former health insurance carrier, the chief counsel of that health insurer, Plaintiff's automobile insurer various other people or entities related to that insurer--~, a third party administrator of personal injury protection benefits, employees of the insurer--as well as the lawyer, and the law firm with which that lawyer is associated, who represented Plaintiff's ex-wife during Plaintiff's and his ex-wife's divorce" in the United States District Court for the Southern District of New York, alleging that following spinal surgery in March 2007, Defendants, *inter alia*, interfered with his recovery, disability status, eligibility for extended Social Security Disability benefits, eligibility for COBRA Health Insurance, and violated his rights under the Americans with Disabilities Act. Compl., D.E. 2; Memorandum Order, Jan. 9, 2012, D.E. 165. Plaintiff was granted *in forma pauperis* status on December 29, 2010. Order, D.E. 4. On August 12, 2011, Plaintiff filed a Motion for Default Judgment against Defendants GEICO, Lisa Ardon, Gina Fuge, Dominic Spaventa, and Paul Feldman. Motion for Default Judgment, Aug. 12, 2011, D.E. 149. The Court denied Plaintiff's Motion on November 22, 2011. Order Adopting Report and Recommendation, Nov. 22, 2011, D.E. 162.

      On January 9, 2012, following a motion to transfer venue by some Defendants, Plaintiff's action was transferred to this Court pursuant to 28 U.S.C. § 1406(a). Memorandum Order, D.E. 165. During the pendency of this matter, Plaintiff has filed, or attempted to file, four Amended Complaints, D.E. 13, 232, 275 and 288, all of which have been permitted with the exception of the

Fourth Amended Complaint which remains pending before the Court and which was placed in a holding pattern. Defendants moved to dismiss the latest proposed Amended Complaint, D.E. 288. *See* Defendants' Motions in Opposition to Plaintiff's Motion to Amend/Correct, D.E. 293, 298, 300, 302, 303 and 304. Defendants' Motions have never been responded to by Plaintiff due to his alleged medical conditions and physical limitations. However, Plaintiff has filed at least four requests for adjournments of his Motion to Amend/Defendants' Motions to Dismiss. D.E. 299, 305, 307 and 309.

On August 26, 2011, Plaintiff applied for pro bono counsel, due to his neurological impairment following a spinal injury in 2006. Application for the Court to Request Counsel, Aug. 26, 2011, D.E. 151. His request was denied without prejudice. Order, Nov. 4, 2011, D.E. 153. On April 10, 2014, Plaintiff applied for pro bono counsel, once again claiming that he required the appointment of counsel due to his neurological impairment following a spinal injury in 2006. Application for Pro Bono Counsel, Apr. 10, 2014, D.E. 271. The Honorable Kevin McNulty terminated Plaintiff's Application on April 15, 2015 when he granted Defendants' motion to dismiss Plaintiff's Second Amended Complaint, terminating this case without prejudice. D.E. 274. On January 19, 2016, this Court entered an Order, directing Plaintiff to notify the Court by March 24, 2016 whether he had obtained counsel or planned to file an application for pro bono counsel. On March 30, 2016, Plaintiff filed the instant application for pro bono counsel. *See* Appl. for Pro Bono Counsel, D.E. 322. In his application, Plaintiff argues he is entitled to *pro bono* counsel because his "level of neurological impairment and disability has profoundly diminished his gross neuromuscular and fine motor skills" and he has been unable to obtain an attorney to represent him. [D.E. 322].

During the six years that this case has been pending, Plaintiff has filed no less than 60 documents on the Court's docket. All of these submissions of well well-written and well-reasoned. They have all been submitted in timely fashion. The submissions have ranged from letters to the Court advising of a change of address, as required by Court rules, to letter requests seeking adjournments, both faxed to the Court and filed on the Court's docket, with supporting reasons and documentation, to objections to Reports and Recommendations, to complicated and thorough motions and responses to motions, again meeting Court deadlines and complying with court rules in length and nature. Plaintiff has made such complicated motions as motions for default judgment and for accommodations. Plaintiff has always competently corresponded to the Court, even advising the Court in a timely manner when his medical condition would require his absence. See Civ, No. 12-234(KM), *Pushkin v. Nussbaum*.

**Discussion**

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). *Montgomery v. Pinchack*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court. *Montgomery*, 294 F.3d at 498 (citing *Tabron*, 6 F.3d at 156).

In the United States Court of Appeals for the Third Circuit, a court considers the framework established in *Tabron*. *Montgomery*, 294 F.3d at 498-99. Under the *Tabron* framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155). If the applicant's claim has some merit, the Court considers the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457-58 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but provides guideposts for the Court. *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 457). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Also, the Court of Appeals for the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a previous commodity and should not be wasted on frivolous cases." *Montgomery*, 294 294 F.3d at 499 (*Parham*, 126 F.3d at 458).

Here, with respect to the first *Tabron* prong, the Court assumes that Plaintiff's claim has merit for the purposes of this application only. Nevertheless, consideration of the *Tabron* factors does not demonstrate that appointment of counsel is warranted at this time.

First, Plaintiff appears to be able to present his case. When considering ability to present a case, courts generally consider a plaintiff's "education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. Based upon the present record, Plaintiff has demonstrated a basic understanding of the actions he should take in furtherance of his claim. A review of Plaintiff's Complaint indicates that he provided a detailed explanation of his cause of action, which demonstrates his ability to pursue his claim. *See Hill v. Davidson*, 844 F. Supp. 237, 238 (E.D. Pa. 1994) (plaintiff demonstrated his ability to write through his filings with the court and through written grievances he filed with the prison system). Plaintiff adequately articulated the factual circumstances, even including specific dates, surrounding the alleged acts of which he complains. In addition and as outlined above, Plaintiff has submitted numerous letters, motions and various submissions to the Court. Plaintiff's submissions to the Court have always been thorough, well-written, well-reasoned and filed in a timely manner. When Plaintiff has been unable to comply with deadlines in a timely manner, he has been more than competent in alerting the Court to his issues and need for additional time. These communications to the Court evidence Plaintiff's ability to review the case filings and to pursue his claim. Based upon the allegations and the facts from which they arise, and because "the factual and legal issues 'have not been tested or developed by the general course of litigation'" in a way that shows any level of complexity, Plaintiff has not demonstrated an inability to present his case. *Burns v. Taylor*, Civ. No. 08-4234, 2008 U.S. Dist. LEXIS 83809, at *3 (D.N.J. Oct. 9, 2008) (quoting

*Chatterjee v. Philadelphia Federation of Teachers*, 2000 U.S. Dist. LEXIS 10278, at *1 (E.D. Pa. July 18, 2000)). For these reasons, this factor weighs against appointment of counsel.

Second, Plaintiff's claims do not involve complex legal issues. Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Tabron*, 6 F.3d at 156 (quoting *Macklin v. Freake*, 650 F.2d 885, 889 (7th Cir. 1981)); *accord Montgomery*, 294 F.3d at 502. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." *Parham*, 126 F.3d at 459; *see also Montgomery*, 294 F.3d at 502-03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised plaintiff's case). Here, appointment of counsel is not warranted because the factual and legal issues involved in the case are not ultimately complicated. Plaintiff alleges violations of his rights under the Americans with Disabilities Act, as well as interference with his disability status, his eligibility for extended Social Security Disability benefits, and his eligibility for COBRA Health Insurance. *See* Compl., D.E. 2. However, there is no indication that his claim presents a complex legal issue. That is, it does not appear that Plaintiff's legal issue is beyond his comprehension or analytical capacity. Indeed, Plaintiff provides no explanation in his pro bono application as to why his claims contain complex legal issues. *See* Appl. for Pro Bono Counsel, D.E. 322. Accordingly, the second *Tabron* factor weighs against Plaintiff because it does not appear, at this time, that his claims present complex legal issues.

Third, there is no indication that Plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel. Nothing suggests that discovery in this case is complicated or unduly burdensome. *Cf. Tabron*, 6 F.3d at 156 (considering the extent that confined parties may face problem when confronted with extensive discovery and compliance with complex discovery rules). The claims appear to involve a relatively discreet set of facts, many of which Plaintiff presumably has personal knowledge, or at a minimum, is equipped to investigate. Additionally, while the Court is sympathetic to Plaintiff's physical limitations brought on by an accident in December 2014, this case has been litigated for six years, four of which were before the accident, and there is no reason why Plaintiff should not have in his possession all of the factual discovery he requires in this matter. Thus, the third *Tabron* factor also weighs against appointment of counsel.

Fourth, it is premature for the Court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." *Parham*, 126 F.3d at 460. At this point in time, the extent to which this case will rest on credibility determinations is not yet apparent. Accordingly, this factor militates neither in favor nor against appointing counsel.

Fifth, there is no indication that any expert testimony will be required at trial. Thus, the fifth *Tabron* favor does not favor appointment.

Sixth, while the Court granted Plaintiff *in forma pauperis* status, and Plaintiff has detailed his efforts to obtain counsel on his own, that showing alone does not support appointment of pro bono counsel. *See Clinton v. Jersey City Police Dep't*, Civ. No. 07-5686,

2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009) ("While indigence is a prerequisite for the appointment of counsel, indigence alone does not warrant appointment of counsel absent satisfying other *Tabron* factors.").

This record does not meet most of the *Tabron* factors, and, therefore, the Court finds that appointment of *pro bono* counsel is inappropriate at this time. *Cf. Parham*, 126 F.3d at 461 (finding appointment appropriate where most factors are met). For all the reasons set forth above, the Court denies Plaintiff's application for the appointment of *pro bono* counsel without prejudice.[1]

## Conclusion

A balancing of the factors set forth above does not weigh in favor of granting Plaintiff's request for counsel at this time. Therefore, Plaintiff's application of the appointment of pro bono counsel [D.E. 322] is denied without prejudice. Plaintiff is directed to file his reply brief in support of his Motion to File a Fourth Amended Complaint, D.E. 288, by June 17, 2016.

So Ordered,

*/s Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

---

[1] While the Court is sympathetic to Plaintiff's medical conditions and physical limitations, the Court simply cannot appoint counsel in every civil case. First, Plaintiff has not demonstrated that the infirmities somehow preclude him from litigating this case. In addition, appointing counsel in a case as old as this one presents additional problems not encountered in most cases. For example, the time it would take for the Court to find an attorney able to take Plaintiff's case and then get up to speed on an over six year old case would simply serve to age this case even further. It is time for this case to move to a resolution of this case in as swift a manner as possible, taking into account Plaintiff's issues.