UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. DAVID B. PUSHKIN,<br><br>Plaintiff,<br><br>v.<br><br>BETH R. NUSSBAUM, RHI ENTERTAINMENT, INC., TIMOTHY J. QUINLIVAN, MERITAIN HEALTH, INC., KEVIN L. BREMER, ESQ., ARONSOHN WEINER AND SALERNO, L.L.C., GEICO, PREMIER PRIZM SOLUTIONS, LISA ARDRON, GINA FUGE, DOMINIC SPAVENTA, PAUL FELDMAN,<br><br>Defendants. | Civ. No. 2:12-0324 (KM) (MAH)<br><br>OPINION |

### KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court upon the Objection (ECF nos. 343), supplemented by a Reply (ECF no. 347) of the plaintiff, David Pushkin, to the decision of the Magistrate Judge Michael A. Hammer. The Objection to relate to the document entitled Report and Recommendation (ECF no. 340), as well as the accompanying Opinion ("Opinion", ECF no. 338) and Order ("Order", ECF no. 339). References herein to the "R&R" encompass all three of those filings. After *de novo* review, I adopt Magistrate Judge Hammer's reasoning, which is incorporated by reference. I write only briefly.

1

There have been four prior complaints in this action. Leave to amend the original complaint was granted (ECF no. 14) and a First Amended Complaint was filed. Judge Dennis M. Cavanaugh[1] granted motions to dismiss the 292-page First Amended Complaint without prejudice to amendment, specifically instructing the plaintiff that he would have to tie particular causes of action to particular defendants and state the supporting facts. (ECF no. 227)

The Plaintiff filed a Second Amended Complaint. I granted motions to dismiss the Second Amended Complaint, stating that the plaintiff had disregarded Judge Cavanaugh's instructions and in some cases had done precisely the contrary. The Second Amended Complaint, I wrote, "still does not specify which actions of which Defendant entitle him to what relief under which statute and why." (ECF no. 227 at 9) Again, the dismissal was without prejudice.

The plaintiff moved to amend, attaching a draft Third Amended Complaint; defendants opposed the motion to amend. Applying a Rule 12(b)(6) motion to dismiss standard, I denied the motion to amend on grounds of futility. I wrote:

> To be sure, the P3AC [Proposed Third Amended Complaint] makes certain improvements: for the first time, we find numbered paragraphs; titled causes of action (e.g., "Cause of Action related to Personal Injury and Negligence"); and incorporation by reference of factual allegations under each titled cause of action. However, the P3AC ultimately fails to plead facts sufficient to put any of the defendants on notice as to how their actions could plausibly result in liability.

---

[1] The case was reassigned to me in April 2014, after the retirement of Judge Cavanaugh. (ECF no. 270)

2

> It is generally clear, for example, that Pushkin is aggrieved by his ex-wife's treatment of him, the expiration of COBRA health insurance he enjoyed through his ex-wife's employer, certain insurers' failure to pay claims, the conduct of his ex-wife's attorneys, and so on. I have no reason to doubt that Plaintiff's physical injuries are causing him distress, that he feels abused by his ex-wife's lawyers, or that the aftermath of his divorce left him without the benefit of the couple's combined resources, including insurance.
>
> Those circumstances, however, do not necessarily translate to a federal court action against all of the many parties involved. Missing are allegations as to who did what, and when, and what cause of action is asserted against each defendant.
>
> There is also a "group pleading" problem. The final ten factual allegations (P3AC ¶¶ 38-47) cite "the collective actions by all twelve Defendants." None of the numbered causes of action specifies the defendant or defendants against which it is directed.

(ECF no. 286 at 9-10). This dismissal was entered "without prejudice to the filing of one more properly supported motion to amend the complaint." (ECF no. 287)

The plaintiff then filed the motion to amend and file the Proposed Fourth Amended Complaint (P4AC) that is the subject of this opinion. Judge Hammer denied Pushkin's motion to file the Proposed Fourth Amended Complaint. The grounds for denial focused on futility, *i.e.*, the P4AC's inability to withstand a motion to dismiss under a Rule 12(b)(6) standard. Because his Opinion and Order had the effect of disposing of the action, Judge Hammer filed them under the cover of a separate Report and Recommendation, subject to this Court's review. (*See* ECF nos. 338, 339, 340)

My standard of review of a Magistrate Judge's recommendation of dismissal of a case is *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); Loc.

3

R. 72.1c(2).[2] I have reviewed the record of the case and examined anew the Magistrate Judge's decision, which involved no fact finding, but only an assessment of the facial sufficiency of the P4AC. Finding myself in agreement with Judge Hammer's well-reasoned Opinion, I adopt and affirm the R&R.

Judge Hammer properly applied the applicable legal standard. In substance, this motion to amend was treated as if it were a motion to dismiss the P4AC for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The fraud-based claims were reviewed under the pleading standards of Rule 9(b); the others, under the pleading standards of Rule 8. I see no error in the application of those well-settled standards. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face.") *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *In re: Lipitor Antitrust Litigation*, 868 F.3d 231, 249 (3d Cir. 2017) (heightened Rule 9(b) standards for pleading fraud claim). Viewing the P4AC overall, Judge Hammer concluded that the allegations of the Complaint remained too conclusory,

---

[2] "When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)). " 'De novo review' means the district court must consider the matter referred to a magistrate judge anew, as if it had not been heard before and as if no decision previously had been rendered." 12 Fed. Prac. & Proc. Civ. § 3070.2 (2d ed.). Upon conducting de novo review, the district judge may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

*Mebuin v. United States*, No. CV13446JLLJAD, 2015 WL 5837654, at *3 (D.N.J. Oct. 11, 2015)

4

nonspecific, and generalized as to defendants as a group to permit them to reasonably formulate a response. Reviewing the P4AC, I agree that it is too conclusory and confusing to meet federal pleading standards.

In addition, Judge Hammer identified patent legal defects in the individual claims.

Claim 1 (negligence, against Nussbaum) arises from an accident in 2005, when Pushkin and Nussbaum were assembling or moving furniture. It also alleges that, over the years, Nussbaum failed to show sympathy, and had him perform tasks that exacerbated his back condition. Judge Hammer identified an obvious facial statute of limitations problem as to the 2005 incident, see N.J. Stat. Ann. § 2A:14-2(a) (2 years for personal injury claims), as well as a failure to allege breach of a recognized standard of care with respect to the other allegations. (Op. 13–14) I agree.

Claims 2, 3, and 4 (fraud, fraudulent concealment, negligent misrepresentations). These counts allege, *inter alia,* that various defendants, including Nussbaum, RHI, Meritain, Quinlivan, Bremer, Fuge, Ardron, Spaventa, Feldmann AWS, GEICO, and PPS made "multiple misrepresentations on multiple occasions" or concealed the full nature and extent of Pushkin's injuries. Judge Hammer correctly stated the standards for pleading fraud under Fed. R. Civ. P. 9(b), and concluded that the allegations both impermissibly lumped the defendants together and failed to meet the 9(b) requirements of stating the who, what, when, where, and how of the alleged misrepresentations. (Op. 15–16) Reviewing the allegations, I agree.

As to Count 5, the analysis was parallel. Reviewing the elements of a negligent misrepresentation claim, Judge Hammer concluded that the P4AC failed to identify a special relationship, the content and date of the misrepresentations, damages and reliance. (Op. 16–17) Again, reviewing the allegations, I agree.

As to Count 6, Judge Hammer found that the allegation of failure to give notice of COBRA continuation coverage was belied by the allegations of the complaint itself, which demonstrate that Pushkin received notice but did not make premium payments. The allegation regarding a violation of the New Jersey PIP statute was defective, he found, was conclusory, and it failed to connect its vague allegations regarding a faulty lien to any actionable violation of PIP. (Op. 17–18) Again, reviewing the allegations, I agree.

Count 7 (Americans with Disabilities Act) is brought against five defendants. Judge Hammer alluded to a prior opinion in the case (ECF no. 286), which held that there is no cause of action under the ADA because these parties are not sued as government entities, covered employers, or maintainers of public accommodations. (Op. 18) Again, reviewing the allegations, I agree.

Count 8, interpreted as a civil rights claim, fails to state a claim. It does not allege discrimination based on race, deprivation of a recognized Constitutional right, or, where required, state action. (*See* Op. 19.) I agree.

Count 9 (denial of Social Security benefits in 2006–08) is asserted against defendants Nussbaum, Bremer, and AWS. Judge Hammer pointed out that it contains no substantive allegations against Bremer and AWS. As to

6

Nussbaum, it alleges that she nagged Pushkin to return to work as a teacher, and that his employment status disqualified him for disability benefits he could have claimed if he had refrained from working. I agree with Judge Hammer that no recognized cause of action is implicated by these allegations. (Op. 19)

Finally, I agree with Judge Hammer that, the plaintiff having had four opportunities to amend, and having been warned that this would be his last, the dismissal should be with prejudice.

## CONCLUSION

The R&R of the Magistrate Judge, comprising the Report and Recommendation (ECF no. 340), as well as the accompanying Opinion ("Opinion", ECF no. 338) and Order ("Order", ECF no. 339), is adopted by the Court, for the reasons expressed in the Opinion of Magistrate Judge Hammer, which is incorporated by reference. The case shall be dismissed with prejudice.

Dated: January 19, 2018

**KEVIN MCNULTY**
**United States District Judge**

7